[No. 3305.   May 21, 1928.]

MASSENGILL v. CITY OF CLOVIS et al.

[268 Pac. 786.]

See, also, 267 P. 70..

S. G. Bratton, of Albubuerque, for appellant.

Otto Smith and Hall & McGhee, all of Clovis, for appellees.

## OPINION OF THE COURT

PARKER, C. J.   This is a suit by C. A. Massengill, brought in his own behalf, as well as in behalf of all other persons similarly situated, against the city of Clovis, its board of commissioners and mayor, having for its object the enjoining and restraining of defendants from taking any further steps whatsoever in furtherance of, or in connection with, a proposed paving project in the city of Clovis.   The proceeding was instituted after surveys, specifications, and advertisement for bids, but prior to acceptance of any bid.

The complaint alleges, among other matters, that defendants have bound themselves to add certain large engineer's compensation and attorney's fees to the actual cost of paving construction and charge the total sum against the abutting property involved, including that of plaintiff, and that thereby a lien for same will be placed of record against all the abutting property; that such action is and will be void, because defendants have no power in law to include in said cost and lien the engineer's compensation or attorney's fees; that unless restrained, defendants will carry out such acts.

A temporary injunction was granted and bond given by plaintiff.   The defendants, in answer to the order to show cause, denied the foregoing allegations of the complaint.   Trial was had, and at the conclusion the trial court dissolved the injunction and dismissed plaintiff's complaint.   Appeal was prayed and granted, but the trial court refused to grant a supersedeas.   The appeal was perfected and filed in this court.

1. Appellees move to dismiss the appeal on the ground that the paving project has now, and since taking the appeal, been fully completed, and all acts sought to be enjoined have been completely performed, and that this court could not enter a judgment that could be effective; all questions raised now being moot. It is apparent, however, that appellant still has the question of his liability on his injunction bond, and the question whether certain alleged unlawful charges may be made against his property, which questions will become res adjudicata against him if the judgment below be allowed to stand by reason of the dismissal of his appeal. In such case the appeal will not be dismissed. New Mexico Motor Corp. v. Bliss, 27 N. M. 304, 201 P. 105.

It follows that the motion to dismiss the appeal should be denied, and it is so ordered.

BICKLEY and WATSON, JJ., concur.