839 P.2d 134

**Keith LITTLEFIELD, Petitioner–Appellant,**

v.

**STATE of New Mexico ex rel. TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellee.**

**No. 11976.**

Court of Appeals of New Mexico.

July 13, 1992.

Certiorari Denied Aug. 24, 1992.

Val R. Jolley, Roberts & Jolley, Farmington, for petitioner-appellant.

Tom Udall, Atty. Gen., Lewis J. Terr, Sp. Asst. Atty. Gen., Taxation & Revenue Dept., Motor Vehicle Div., Santa Fe, for respondent-appellee.

## OPINION

DONNELLY, Judge.

Petitioner appeals from an order of the district court affirming the administrative revocation of his driver's license. Three issues are presented on appeal: (1) whether the district court had jurisdiction to review the license revocation; (2) whether the failure of the Motor Vehicle Division (Division) to hold a hearing within twenty days requires reinstatement of the license; and (3) whether Petitioner's due process rights were violated. We affirm.

## FACTS

Petitioner was notified by the Division on April 24, 1989, that pursuant to NMSA 1978, Section 66–5–29(A)(2) (Repl.Pamp.1989) and Section 66–8–102 (Cum.Supp.1991), his driver's license was revoked for a period of one year due to his conviction for driving while intoxicated. Petitioner sent the Division a letter requesting that an administrative hearing be held within twenty days to permit him an opportunity to contest the revocation of his driver's license in accordance with the provisions of NMSA 1978, Section 66–5–30(B) (Repl.Pamp.1989). Petitioner's letter was received by the Division on April 28, 1989. The Division did not act on the matter before August 22, 1989, when Petitioner again wrote to the Division stating that his driver's license should be reinstated and that the revocation was invalid since the Division failed to conduct a timely hearing. The Division then set a hearing for September 5, 1989.

At the September 5 hearing, Petitioner's counsel asserted that the hearing was invalid because it was not held within twenty days and because the Division had failed to furnish copies of documents requested by him prior to the hearing. Petitioner's counsel also requested that the hearing be tape recorded. The hearing officer prepared a brief written report of the hearing, but no tape recording of the proceeding was made. The written report was forwarded to the chief of the driver improvement division. The chief of the driver improvement division sustained the revocation, noting there was no evidence to disprove the conviction. On September 13, 1989, the Division sent Petitioner a notice of the result of the hearing signed by a third person over the title of the chief of the driver improvement division.

Petitioner then filed a petition for review of the revocation of his driver's license in the district court. A hearing was held, but no testimony was taken or exhibits admitted. Petitioner raised the same procedural arguments as he asserted in the administrative hearing. He also contended that the district court did not have a sufficient

record to properly review the decision of the Division and that the Division did not have any evidence to sustain the revocation since there was no taped record of the administrative hearing. The district court denied the petition.

## IS PETITIONER'S APPEAL MOOT?

We initially address a threshold issue raised by the Division, asserting that Petitioner's appeal is moot. Petitioner's driver's license was revoked for a period of one year, beginning February 24, 1989. The Division notes that since the mandatory period of revocation has now expired, the appeal is subject to dismissal on the basis that it is moot.

■ Here, however, both parties urge that this court render a decision, noting that the issues raised by Petitioner, alleging denial of due process, implicate constitutional and procedural questions concerning the validity of the license-revocation procedure. We conclude that Petitioner's appeal is not moot even though the period of revocation has expired, because the district court's order affirming the administrative order revoking his driver's license continues to affect Petitioner's driving privileges. The issue of the validity of the revocation directly affects the issue of whether Petitioner must pay a reinstatement fee and whether he is subject to prosecution for driving with a revoked or suspended driver's license. See Massengill v. City of Clovis, 33 N.M. 394, 268 P. 786 (1928). Thus, we address the issues raised by Petitioner on their merits.

### 1. Jurisdiction

The Division challenges the jurisdiction of the district court to hear Petitioner's appeal from the administrative decision revoking Petitioner's driver's license. The Division points to the language of Section 66–5–29 and NMSA 1978, Section 66–5–36 (Repl.Pamp.1989) in arguing that the Motor Vehicle Code contains no provision authorizing judicial review of an administrative order implementing the mandatory revocation of a driver's license where the licensee has been convicted of driving while intoxicated.

Review of the Motor Vehicle Code indicates two statutes, Sections 66–5–29 and 66–5–36, relate to the question presented. Section 66–5–36 states:

Any person denied a license or whose license has been cancelled, suspended or revoked by the division, *except where such cancellation or revocation is mandatory under the provisions of this article,* shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the district court * * *. [Emphasis added.]

The Division contends this statute, read together with the provisions of Section 66–5–29, indicates a legislative intention to preclude judicial review of license revocations where a revocation is carried out pursuant to a mandatory statutory provision. Petitioner, however, argues that the legislature, in adopting the Motor Vehicle Code, did not intend to restrict judicial review of administrative revocation proceedings, as evidenced by the language of Section 66–5–29(B), which states:

Any person whose license has been revoked under this section * * * shall not be entitled to apply for or receive any new license until the expiration of one year from the date of the last application on which the revoked license was surrendered to and received by the division, if no appeal is filed, or one year from the date that the revocation is final *and he has exhausted his rights to an appeal.* [Emphasis added.]

■ We agree with the Division that when Subsection B of Section 66–5–29 is read within the context of the entire section, the language referring to a party exhausting a right to an appeal refers to the right to pursue an appeal from a conviction of driving while intoxicated or an adjudication of delinquency. In contrast, the Motor Vehicle Code is silent as to any provision expressly authorizing the right to appeal from a mandatory revocation of a driver's license. This omission, however, does not deprive Petitioner of a right of judicial review by the district court of the administrative action by means of a petition for writ of certiorari.

The New Mexico Constitution gives district courts "original jurisdiction in all matters and causes not excepted in [the] constitution" and the power to issue extraordinary writs, including writs of certiorari. N.M.Const. art. VI, § 13. This court has held that writs of certiorari provide a method of judicial review if it is shown that an inferior court or tribunal has proceeded illegally and no appeal or other mode of review is specified by statute. *See Concerned Residents for Neighborhood, Inc. v. Shollenbarger*, 113 N.M. 667, 831 P.2d 603 (Ct.App.1991) (this court quashed a writ of prohibition issued by the district court, holding that proper remedy was writ of certiorari; underlying action concerned the transfer of a liquor license); *see also Eldorado at Santa Fe, Inc. v. Cook*, 113 N.M. 33, 822 P.2d 672 (Ct.App.1991).

Petitioner's application for review of his driver's license revocation substantially complied with the requirements of SCRA 1986, 1–065. Petitioner set forth facts constituting a prima facie showing for issuance of a writ. *Cf. In re Blatt*, 41 N.M. 269, 67 P.2d 293 (1937) (where right of appeal was not specified by statute, judgment is reviewable on certiorari). The court did not entertain the presentation of new evidence, an administrative record was made, and the judgment rendered by the district court upheld the action of the administrative agency. The Division filed a written response to the petition for review and failed to challenge the sufficiency of the petition. Under this posture we conclude that the district court was invested with jurisdiction to hear Petitioner's application for review.

2. *Failure to Conduct Hearing Within Twenty Days*

Petitioner next argues that the failure of the Division to conduct a hearing within the twenty-day time limitation imposed under Section 66–5–30(B) invalidates the action taken by the Division revoking his driver's license. Petitioner contends that the twenty-day period specified by Section 66–5–30(B) should be interpreted as mandatory. Section 66–5–30(B) provides in applicable part:

Upon suspending the license of any person as authorized in this section, the division shall immediately notify the licensee in writing *and upon his request shall afford him an opportunity for a hearing as early as practicable within not to exceed twenty days, not counting Saturdays, Sundays and legal holidays, after receipt of such request* ... provided that the hearing request is received within twenty days from the date that the [notice of the] suspension was deposited in the United States mail. The director may, in his discretion, extend the twenty-day period. [Emphasis added.]

Petitioner cites as authority a New Mexico Attorney General's Opinion, No. 59–6, which held that, where a licensee makes a timely request for a hearing on his suspension and the Division fails to provide a hearing within the twenty-day period, the administrative action, suspending or revoking the license, is invalid. Our research as to this issue, however, leads us to a contrary conclusion. Section 66–5–30, as enacted by our legislature, substantially adopted the provisions of Article III, Section 30(b) of the Uniform Motor–Vehicle Operators' and Chauffeurs' License Act promulgated by the National Conference of Commissioners on Uniform State Laws. The language of our Section 66–5–30(B), providing a licensee a right of hearing within twenty days, generally follows the wording of the uniform act.

The language of similar statutes providing that upon request a hearing shall be conducted within a specified period has been construed by courts in other jurisdictions to be directory and not mandatory in nature. *See Taylor v. Department of Transp.*, 260 N.W.2d 521 (Iowa 1977). As observed by the Iowa Supreme Court, the principal objective of this statutory provision is "to promote public safety by removing dangerous drivers from the highways." *Id.* at 523. This objective would be thwarted if we were to hold that the twenty-day time limit was mandatory, and that violation of it resulted in a reinstatement of the license. *Id.* Therefore, *Taylor* and other

cases hold that time limits such as are at issue here are directory, and violation of them does not invalidate the revocation in the absence of a showing of prejudice. *See Traylor v. Thorneycroft*, 134 Ariz. 482, 657 P.2d 895 (Ct.App.1982). The *Taylor* court noted that "[o]ther jurisdictions have reached the same conclusion in interpreting analogous statutes." *Taylor v. Department of Transp.*, 260 N.W.2d at 523.

We find the reasoning of these cases persuasive. However, we note that delay beyond the statutory period is unfortunate and is not to be condoned. Ordinarily, delay should be accompanied by an extension of the twenty-day period as provided in the statute. However, because our examination of the record herein indicates no showing that Petitioner was prejudiced by the delay in conducting the administrative review hearing, we affirm on this issue.

### 3. *Claims of Denial of Due Process*

Petitioner argues that he was deprived of procedural due process in the hearing conducted before the administrative hearing officer, in that (1) the Division failed to comply with his request for discovery prior to the administrative hearing; (2) the Division failed to make a record of the administrative hearing; and (3) the decision sustaining the revocation of Petitioner's driver's license was not made by the hearing officer who reviewed or received evidence at the administrative hearing.

Petitioner requested copies of all documents that the Division would use at the administrative hearing contemplated under Section 66–5–30(B). He points out that Section 66–5–30(B) authorizes "the director or his duly authorized agent ... [to] issue subpoenas for the attendance of witnesses and the production of relevant books and papers."

■ We assume, without deciding, that Petitioner had a right to discovery similar to that provided in the district court. The record indicates that the only documents relied upon by the Division at the administrative hearing were a copy of Petitioner's citation for driving while intoxicated, Petitioner's conviction for such offense, and

the notice of revocation of driver's license sent to Petitioner. Petitioner does not complain on appeal that any other documents were relied upon by the Division. Because each of these documents was available to him prior to the hearing, Petitioner has not demonstrated any prejudice.

Petitioner next argues that the failure of the Division to make a record of the administrative hearing deprived him of due process and an opportunity for meaningful appellate review. At the beginning of the administrative hearing, Petitioner requested that the proceedings be tape recorded. The hearing officer refused to do so. At the hearing before the district court, the parties agreed that the administrative hearing consisted of the introduction of the abstract of a criminal conviction by the Division indicating that Keith Littlefield, Post Office Box 849, Flora Vista, New Mexico, was convicted of driving while intoxicated contrary to Sections 66–5–29(A)(2) and 66–8–102 on February 2, 1989, in the Farmington Municipal Court. The abstract of criminal conviction also indicated that the individual convicted had the same address, Social Security number, and driver's license number as had been admitted by Petitioner's attorney in a letter to the Division.

■ It is true that lack of an adequate record may constitute a basis for remand and a new hearing, where the record cannot adequately be reconstituted and the absence of such record is shown to have prejudiced the appellant. *See State v. Fish*, 101 N.M. 329, 681 P.2d 1106 (1984); *State v. Wildenstein*, 91 N.M. 550, 577 P.2d 448 (Ct.App.1978). Here, however, it is undisputed that no testimony was presented at the administrative hearing and the evidence presented by the Division was documentary. Petitioner's brief on appeal has not challenged the authenticity or admissibility of such documents. The documentary evidence was also presented to the district court. Thus, the evidence presented at the administrative hearing was subject to review by the district court and this court. Under the circumstances herein, we

find no error resulting from the lack of an additional record.

Lastly, Petitioner argues that the decision to revoke his driver's license was made by someone who was not present at the hearing. He states that *Board of Education of Melrose Municipal Schools v. New Mexico State Board of Education*, 106 N.M. 129, 740 P.2d 123 (Ct.App.1987), requires that the decision maker review all evidence presented to the hearing officer. We disagree. *Board of Education* held only that the state board could not *reverse* fact-findings by the hearing officer without reviewing the transcript of proceedings. Here, in contrast, the decision maker concurred in the decision by the hearing officer, the decision maker had available the documentary evidence sustaining the hearing officer's ruling, and Petitioner concedes on appeal that no evidence was offered by him at the administrative proceeding to dispute the documentary evidence presented by the Division. Petitioner has failed to show any prejudice resulting from the procedures employed by the Division herein.

## CONCLUSION

The order of the district court affirming the Division's revocation of Petitioner's driver's license is affirmed.

IT IS SO ORDERED.

HARTZ and PICKARD, JJ., concur.