1998-NMCA-126

964 P.2d 869

**Tena MASTERMAN, Petitioner–Appellee,**

v.

**STATE of New Mexico TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellant.**

**No. 18376.**

Court of Appeals of New Mexico.

Aug. 12, 1998.

David C. Chavez, Law Office of David C. Chavez, Los Lunas, for Petitioner-Appellee.

Tom Udall, Attorney General, Judith Mellow, Special Asst. Attorney General, Taxation and Revenue Department, Santa Fe, for Respondent-Appellant.

## OPINION

APODACA, Judge.

{1} Respondent Taxation and Revenue Department, Motor Vehicle Division (the Division) appeals the district court's order reinstating the driving privileges of Petitioner Tena Masterman (Driver). Driver filed a "Petition For Judicial Review" in the district court seeking an order directing the Division to correct its records to reflect a DWI dismissal under an Amended Judgment and Sentence entered by the magistrate court in Valencia County. The Division raises three issues on appeal: (1) the district court was without jurisdiction to act or rule on Driver's untimely petition; (2) the magistrate court had no authority to amend its original judgment finding Driver guilty and imposing sentence to a later judgment finding Driver not guilty; and (3) even if the magistrate court had that authority, the amended judgment had no effect on the Division's records of Driver's DWI conviction for license revocation purposes. We reverse sua sponte because of Driver's failure to properly invoke the district court's jurisdiction. We therefore need not reach the issues raised by the Division.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} Driver received a third DWI citation in February 1996, which is the focus of this appeal. On February 19, 1996, Driver pled no contest in the magistrate court of Valencia County. The court found her guilty and sentenced her to ninety days in jail, with eighty-seven days suspended.

{3} According to Driver's brief, the magistrate court treated the DWI citation issued in 1996 as a first offense. Driver contends that the court stated the proceedings subjected Driver to only a one-year suspension of her driving privileges. Driver also asserts that the magistrate court declared it would dismiss the charges if Driver complied with the order to attend DWI school. As required by law, the magistrate court sent the Division an abstract of the third conviction. The Division sent Driver notice in March 1996 of revocation of her driver's license for a minimum of ten years, pursuant to NMSA 1978, § 66–5–5(D) (1993).

{4} Driver argues that she complied with the magistrate court's first order or judgment and that was the basis for the later entry of the amended judgment and sentence dismissing the DWI charge filed originally in the February 1996 proceeding. The amended judgment and sentence provided that Driver was not guilty of "DWI 1st offense" and stated that Defendant had complied with the court's order for alcohol screening, community service, and costs. The magistrate court's order of dismissal expressly provided for reinstatement of Driver's driving privileges.

{5} Driver's counsel alleges that he then informed the Division of the entry of the magistrate court's amended judgment. After several contacts between counsel and the Division, the Division purportedly instructed counsel to submit the amended judgment and sentence to the Division. The Division took no action on the amended judgment. Instead, the Division allegedly informed Driver's counsel that the Division would require an order from the district court, not the magistrate court, before reinstating Driver's driving privileges.

{6} As a result, Driver filed her Petition for Judicial Review in the district court of Valencia County in March 1997. In response, the Division filed its "Answer to Notice of Appeal" that same month. The answer challenged the district court's jurisdiction to consider the petition, asserting the petition was untimely. See NMSA 1978, § 66–5–36 (1978) (providing that, except where revocation is mandatory, a person has thirty days following license revocation to petition the district court for review of revocation).

{7} According to the Division's brief in chief, the Division argued to the district court that the magistrate court rules precluded amendment of the judgment of conviction. See Rule 6–801 NMRA 1998. The Division also argues on appeal that it asserted in the district court that a finding of guilt under NMSA 1978, Section 66–8–102(L)(2) (1997), was a conviction regardless of sentence imposition. Driver's answer brief, on the other

hand, contends that the Division did not appear at the scheduled hearing. The docketing statement filed in this appeal, however, stated that the Division participated in the hearing by telephone, although the Division's brief was silent on that point.

{8} At the district court hearing on Driver's petition, Driver allegedly argued that the Division must honor the magistrate court's amended judgment and sentence dismissing the DWI charge against Driver. Apparently, no evidence was adduced at that hearing. No transcript of the district court proceedings has been made a part of the record on appeal. The only document that is of record as having been filed after the district court hearing is the district court's "Order for Reinstatement of Driving Privileges." The record contains no findings of fact or conclusions of law that would illuminate the basis for the district court's decision.

## II. DISCUSSION

{9} Although the Division did not argue our basis for reversal, an appellate court may raise a jurisdictional issue sua sponte. *See Wilson v. Denver*, 1998–NMSC–016, ¶ 8, 125 N.M. 308, 961 P.2d 153. Similarly, Rule 12–216(B), NMRA 1998, does not require preservation of jurisdictional questions. "A jurisdictional defect may not be waived and may be raised at any stage of the proceedings ...." *Armijo v. Save 'N Gain*, 108 N.M. 281, 282, 771 P.2d 989, 990 (Ct.App. 1989). Only the most unusual circumstances warrant overlooking procedural defects. *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994).

{10} Article VI, section 13 of the New Mexico Constitution authorizes district courts to issue writs of certiorari to inferior judges or courts. *See Littlefield v. State Taxation and Revenue Dep't*, 114 N.M. 390, 393, 839 P.2d 134, 137 (Ct.App.1992). Writs of certiorari provide a method of judicial review where an inferior court or tribunal has proceeded illegally and there is no statutorily specified mode of review. *See id.* Here, no statute specified review of the revocation of Driver's license based on the magistrate court's initial conviction for Driver's third DWI offense. *See id.* at 392, 839 P.2d at

136 (noting lack of express statutory authority for the right to appeal from a mandatory driver's license revocation).

{11} Section 66–5–36 provides that the right to appeal under it does not apply to revocations that are mandatory under the law. Under the facts of this appeal, we believe revocation of Driver's license to operate a motor vehicle in New Mexico was mandatory. *See* § 66–5–5(D) (providing that the Division shall not issue a driver's license for ten years to a person with three DWI convictions within a ten-year period). Consequently, Driver did not have a right to appeal, and a writ of certiorari provided the only mode of review for revocation of her license. *See Littlefield*, 114 N.M. at 392–93, 839 P.2d at 136–37 (stating that district court may review mandatory driver's license revocation by a petition for writ of certiorari).

{12} As a result, we analyze Driver's Petition for Judicial Review as a writ of certiorari. Rule 1–075(A), (B) NMRA 1998 provides for review in district court of administrative orders by writ of certiorari in the absence of a statutory right of review. Subsection C(1) of that rule requires that a petition for a writ of certiorari contain "the grounds on which jurisdiction of the district court is based[.]" Similarly, subsection G(2) provides that the court shall issue a writ if the petition makes a prima facie showing of the court's jurisdiction over the agency.

{13} Driver's petition failed to allege these jurisdictional requirements. Driver did not comply with the requirement of Rule 1–075. We also determine that there are no unusual circumstances that would warrant overlooking this procedural defect. Consequently, we hold that Driver did not properly invoke the district court's jurisdiction.

## III. CONCLUSION

{14} Sua sponte, we reverse the district court's order reinstating Driver's driving privileges. In seeking review of her license revocation, Driver did not properly petition for a writ of certiorari. She failed to show the district court's jurisdiction over the subject matter. In reversing, we do not condone

the Division's failure to appear at the district court hearing or to make a record.

{15} **IT IS SO ORDERED.**

FLORES and ARMIJO, JJ., concur.