This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.  　　　　　　　　　　　　　　　　　　　　　　　　　**NO. 29,673**

**AUSTIN STONE,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Austin Stone
Tularosa, NM

Pro Se Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

     Defendant appeals his convictions for two counts of driving while license

suspended or revoked. Our calendar notice proposed to affirm, and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that his convictions for driving with a suspended or revoked license should be set aside on the basis that he did not have a license due to its expiration, and thus there was nothing to suspend or revoke. **[DS 5, 7; MIO 1-3]** The record reflects **[RP 146, 148-52]**, and Defendant confirms **[MIO 1]**, that his license had been suspended. In such instance, the subsequent expiration of Defendant's license does not absolve the prior suspension of his license and driving privileges. *See generally Littlefield v. State ex rel. Taxation & Revenue Dep't*, 114 N.M. 390, 392, 839 P.2d 134, 136 (Ct. App. 1992) (noting that, even though the period of revocation had expired, the order revoking the petitioner's driver's license continues to affect driving privileges).

Although Defendant maintains that he renewed his license the same year that it was suspended **[MIO 1]**, other evidence was presented that he never paid a reinstatement fee. **[MIO 1; RP 150]** *See* NMSA 1978, § 66-5-33.1(A) (1999) (providing that "the payment of a fee . . . is a prerequisite to the reinstatement of any license or registration"). Given the conflicting evidence, we hold that it was the jury's

prerogative as factfinder to rely on the evidence of non-reinstatement due to non-payment of the reinstatement fee. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). We note further that the reason for the underlying suspension **[MIO 1]**, and whether or not the Department of Motor Vehicle witnesses knew the reason **[MIO 1]**, is not determinative. Instead, what is determinative is that Defendant was driving on a suspended license. *See* NMSA 1978, § 66-5-39(A) (1993) (providing that it is a crime to drive while license is suspended or revoked).

We similarly reject Defendant's continued argument that the court lacked jurisdiction over him because of his right to interstate travel. **[DS 2; MIO 2]** As provided in our notice, the state may impose reasonable restrictions and regulations to increase the safety and efficiency of our public roads, thus enhancing rather than infringing upon the right to travel. *See, e.g.*, *State ex rel. State Highway Comm'n v. Silva*, 71 N.M. 350, 354-55, 378 P.2d 595, 598 (1962) (recognizing that the state, in the exercise of its police power and in the interest of the safety of the traveling public, has the right to promulgate regulations and restrictions concerning the use of public highways). In this regard, possession of a driver's license is a privilege that is granted

upon the compliance with statutory licensing procedures and may be revoked or suspended in the absence of the required compliance. *See generally* NMSA 1978, § 66-5-30 (2003) (authorizing the division to suspend or revoke licenses).

Lastly, Defendant has not responded to the notice's proposed holding that admission of the video of the recorded stop was not improper and that the judge did not err in instructing the jury. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (holding that issues are deemed abandoned when a party fails to respond to the proposed disposition in the notice). For the reasons set forth in our notice, we hold that no error occurred.

Based on the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____

4

**TIMOTHY L. GARCIA, Judge**