The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: July 17, 2023

**No. A-1-CA-40179**

**NEW MEXICO DEPARTMENT
OF HEALTH,**

> Appellant-Respondent,

v.

**ABBY MAESTAS,**

> Appellee-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Kathleen McGarry Ellenwood, District Court Judge**

Miller Stratvert P.A.
Dan A. Akenhead
Laura R. Ackermann
Kelsey D. Green
Albuquerque, NM

for Respondent

Sommer, Udall, Hardwick & Jones, P.A.
Jack N. Hardwick
Santa Fe, NM

for Petitioner

**OPINION**

**MEDINA, Judge.**

{1}     This case arises from an arbitration award directing Respondent New Mexico Department of Public Health (DOH) to reinstate Petitioner Abby Maestas and ordering DOH to pay Maestas back pay. Following the district court's confirmation of the arbitration award, Petitioner filed a motion to compel DOH to pay the full amount of back pay, arguing that DOH improperly deducted unemployment compensation and disability payments from the back pay award. Petitioner filed a petition for writ of certiorari review seeking reversal of the district court's order denying her motion. Petitioner argues that DOH was not permitted to deduct her unemployment compensation and disability payments from her award, because NMSA 1978, Section 10-9-18(F) (2009) conflicts with 1.7.12.23 NMAC, the regulation DOH relied on to make the deductions. We take this opportunity to restate that we do not treat NMSA 1978, Section 44-7A-29 (2001) of the New Mexico Uniform Arbitration Act (Arbitration Act), NMSA 1978, §§ 44-7A-1 to -32 (2001), as an exclusive list of orders that may be appealed. We further construe the petition for writ of certiorari as a direct appeal. We do not reach the merits of this appeal because we hold that the district court did not have authority to rule on the motion to compel. We vacate the district court's order and remand the matter with

instructions to the district court to remand the case to the arbitrator for resolution of the back pay dispute.

**BACKGROUND**

{2}     DOH terminated Petitioner from her employment. Petitioner appealed her termination through arbitration as provided for under the Collective Bargaining Agreement (CBA) between the State of New Mexico and State Employee Alliance-the Communications Workers of America, AFL-CIO, CLC, and Section 10-9-18.

{3}     The arbitrator "sustained" Petitioner's grievance and as provided for in the CBA and Section 10-9-18(F), (H), ordered DOH to "reinstate [Petitioner] to her position or a position of like status and pay" and awarded Petitioner back pay as of the date of her termination until the date of reinstatement. The arbitration award did not further define the back pay award.

{4}     DOH appealed the arbitrator's award to the district court pursuant to Section 10-9-18(G), (H), NMSA 1978, Section 39-3-1.1(C) (1999), and Rule 1-074 NMRA. DOH later filed a motion to withdraw its appeal. The district court granted DOH's motion to withdraw but retained jurisdiction to confirm the award as provided for under Section 44-7A-23. *See* § 44-7A-23 ("After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless

the award is modified or corrected pursuant to Section[s] [44-7A-]21 or [44-7A-]25 . . . or is vacated pursuant to Section [44-7A-]24.").

{5}     Petitioner filed a motion to confirm her award. The district court entered an order confirming the arbitration award under Section 44-7A-23 and ordered DOH to reinstate Petitioner and ordered back pay in accordance with the arbitration award, Section 10-9-18(F), and the CBA. The district court attached the arbitration award to its order as an exhibit.

{6}     DOH provided Petitioner with back pay but in doing so deducted the amount of disability and unemployment compensation payments Petitioner had received during her period of unemployment. DOH made the deductions in reliance on 1.7.12.23(B) NMAC, which states, in part, that "[t]he agency shall be entitled to offset earnings, unemployment compensation and any other earnings received during the period covered by the back pay award against the back pay due" to make the deductions.

{7}     Petitioner did not present her back pay dispute to the arbitrator even though 1.7.12.23(B) NMAC additionally provides that the "[arbitrator] shall retain jurisdiction of the case for the purpose of resolving any disputes regarding back pay." Instead, Petitioner filed a motion in the district court seeking an order compelling DOH to pay her the full amount of back pay without the deductions. In support of her motion, Petitioner argued: (1) regulation 1.7.12.23(B) NMAC

3

conflicts with Section 10-9-18(F); (2) when a regulation promulgated by an agency conflicts with a statute, the statute prevails; and (3) because Section 10-9-19(F) prevails over 1.7.12.23(B) NMAC, she did not receive the full amount of back pay that she was entitled to.

{8}     Similarly, DOH did not request that the arbitrator resolve the back pay dispute. Instead, DOH filed a response arguing that since neither the CBA nor Section 10-9-18(F) address the manner or method back pay is to be calculated, but 1.7.12.23(B) NMAC does—no conflict exists between the CBA, Section 10-9-18(F), and 1.7.12.23(B). The district court entered an order finding no inconsistency between Section 10-9-18(F) and 1.7.12.23(B) NMAC, and held that DOH was entitled to offset Petitioner's earnings as the regulation permits.

{9}     Petitioner filed a petition for writ of certiorari, seeking review and reversal of the district court's denial of her motion. This Court granted the petition for writ of certiorari. In our notice of assignment to the general calendar, we directed the parties to "address the threshold issue of the proper procedural posture for this appeal, including whether this appeal is properly before this Court and whether it should be considered as a petition for writ of certiorari or as a direct appeal." We begin with these threshold issues.

# DISCUSSION

## I. Appellate Jurisdiction

{10} "Jurisdictional questions are questions of law which [appellate courts] review[] de novo. A jurisdictional defect may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court." *El Castillo Ret. Residences v. Martinez*, 2017-NMSC-026, ¶ 20, 401 P.3d 751 (internal quotation marks and citation omitted).

{11} DOH argues that this Court lacks jurisdiction over this appeal for the following reasons: (1) Petitioner seeks review of an order issued as part of the proceedings under the Arbitration Act, and Petitioner needed to file a notice of appeal, pursuant to Rule 12-202 NMRA, not a petition for writ of certiorari; (2) even if Petitioner had filed a notice of appeal, pursuant to Section 44-7A-29, there are only six orders or judgments from which a party may appeal, and Petitioner's motion to compel back pay does not fall within that enumerated list; (3) the district court did not enter judgment on the confirmation order pursuant to Section 44-7A-26; (4) Petitioner did not argue in her brief in chief that the order should be treated as a final judgment or order sufficient to invoke appellate jurisdiction; and (5) Petitioner does not state a basis upon which to seek appellate jurisdiction.

{12} Petitioner did not address jurisdiction in her brief in chief. However, in her reply brief Petitioner agrees with DOH that the order denying her motion to compel

5

is not an order that may be appealed pursuant to Section 44-7A-29. Petitioner additionally argues, for the first time, that the proceeding below originated as an appeal from the decision of the arbitrator pursuant to Section 39-3-1.1(C) and Rule 1-074, and thus the proper procedure for appellate review was to file a petition for writ of certiorari. Petitioner argues in the alternative that if this Court determines the proper procedure to seek appellate review of the order was to file a notice of appeal under Rule 12-202, that we construe her petition for writ of certiorari as a notice of appeal and docketing statement.

**A.    The Order Denying the Motion to Compel Back Pay is Final**

{13}    Though we directed the parties to brief whether this appeal is properly before this Court, neither directly addresses whether the district court's order is a final, appealable order. We address this preliminary issue first, because "this Court lacks jurisdiction to entertain an appeal from a non[]final order." *See Britt v. Phoenix Indem. Ins. Co.*, 1995-NMSC-075, ¶ 5, 120 N.M. 813, 907 P.2d 994.

{14}    DOH argues that because Petitioner's motion to compel back pay does not fall within one of the six orders or final judgments listed under Section 44-7A-29 of the Arbitration Act, she has no right to appellate review. We reiterate that we do not treat this section of the Arbitration Act "as an exclusive list of orders that may be appealed." *Collier v. Pennington*, 2003-NMCA-064, ¶ 8, 133 N.M. 728, 69 P.3d

6

238.[1] As this Court explained in *Collier*, "[b]y statute, this Court has jurisdiction over appeals from district courts in civil actions from any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights." *Id.* ¶ 12 (internal quotation marks and citations omitted) (citing NMSA 1978, § 39-3-2 (1966)). Thus, reading Section 39-3-2 and Section 44-7A-29 together, this Court held that "orders made under the . . . Arbitration Act . . . [are] no more or less appealable than any other orders in civil actions." *Collier*, 2003-NMCA-064, ¶ 12.

{15}      When an order concerning arbitration is not one of the orders listed in Section 44-7A-29(a), the question of whether the order is appealable as of right "depends on whether the order is final," and "[f]inality must be determined by applying the general law concerning finality of judgments in civil cases." *Collier*, 2003-NMCA-064, ¶ 15. "The general rule in New Mexico for determining the finality of a judgment is that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the [district] court to the fullest extent possible." *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (internal quotation marks and citation omitted).

---

[1] *Collier* discusses the prior version of the Arbitration Act and the section regarding appealable arbitration orders, formerly NMSA 1978, Section 44-7-19(A) (1971). NMSA 1978, Sections 44-7-1 to -22 (1971) was repealed by 2001 N.M. Laws, ch. 227, § 33. Appealable arbitration orders are now listed in Section 44-7A-29. *See* § 44-7A-29(a).

{16}     Our Supreme Court has held that an order compelling arbitration, though not one of the six enumerated appealable orders in the Arbitration Act, may be a final, appealable order if "it is the last deliberative action of the [district] court with respect to the controversy before it." *Britt*, 1995-NMSC-075, ¶ 7 (internal quotation marks and citation omitted); *see also Lyman v. Kern*, 2000-NMCA-013, ¶ 8, 128 N.M. 582, 995 P.2d 504 (agreeing that that an order compelling arbitration "is the last deliberative action because it effectively disposes of the matter in the [district] court, leaving nothing further to litigate" (alteration, internal quotation marks, and citation omitted).

{17}     Here, the district court's order denying the motion to compel fully resolved the parties' dispute over the back pay deductions—DOH's deductions to the back pay were permissible pursuant to 1.7.12.23(B) NMAC. Thus, having disposed of the back pay dispute, there was nothing further to litigate in the district court. *See Lyman*, 2000-NMCA-013, ¶ 8. Because the order denying the motion to compel was the "last deliberative action of the court" with respect to this case, we hold that the order is a final, appealable order subject to our review. *See Britt*, 1995-NMSC-075, ¶ 7 (internal quotation marks and citation omitted).

**B.     This Appeal is a Direct Appeal**

{18}     We also asked the parties to brief whether we should consider this appeal as a petition for writ of certiorari or as a direct appeal. This appeal is proper as a direct

8

appeal. A district court holds "original jurisdiction in all matters and causes not excepted in this [C]onstitution, and such jurisdiction of special cases and proceedings as provided by law, and appellate jurisdiction of cases originating in inferior courts and tribunals in their respective districts as provided by law." N.M. Const. art. VI, § 13. If a district court is acting in accordance with its original jurisdiction, then an appeal therefrom is an appeal as of right, or direct appeal, pursuant to Rules 12-201 NMRA and 12-202. *See Victor v. N.M. Dep't of Health*, 2014-NMCA-012, ¶ 25, 316 P.3d 213 (explaining that because a district court was acting in accordance with its original jurisdiction, the appeal was properly before this Court as an appeal as of right).

{19} In determining whether a district court was exercising its original jurisdiction, this Court has held that "it is the substance of the pleading, and not its form or label, that controls the question of jurisdiction." *Los Chavez Cmty. Ass'n v. Valencia Cnty.*, 2012-NMCA-044, ¶ 11, 277 P.3d 475 (text only) (citation omitted). Here, though DOH initially invoked the district court's appellate jurisdiction when it filed its notice of appeal, there is no question that the appeal was dismissed and that the district court was exercising its original jurisdiction when it granted Petitioner's motion to confirm the arbitration award. *See* § 44-7A-23 (conferring on a district court the authority to grant or deny an award upon a party's motion); *El Castillo Ret. Residences*, 2017-NMSC-026, ¶ 23 (recognizing that "[a] district court can

9

simultaneously exercise its appellate and original jurisdiction" (internal quotation marks and citation omitted)).

{20}   Once DOH withdrew its appeal, the district court was acting in its original jurisdiction to confirm the arbitration award. We hold that the district court was continuing to exercise its original jurisdiction when it denied Petitioner's motion to compel full back pay. Therefore, this case is proper as a direct appeal and Petitioner has an appeal as of right. *See Victor*, 2014-NMCA-012, ¶ 25.

**C.    The Petition for Writ of Certiorari May Be Construed as a NonConforming Notice of Appeal and Docketing Statement**

{21}   As an appeal as of right, Petitioner was required to file a notice of appeal, which she did not do here. *See* Rule 12-202(A) ("An appeal permitted by law as of right from the district court shall be taken by filing a notice of appeal."); *see also Wakeland v. N.M. Dep't of Workforce Sols.*, 2012-NMCA-021, ¶ 15, 274 P.3d 766 ("A notice of appeal is filed when a party is entitled to an appeal as of right."). Petitioner requests that her petition be deemed as a notice of appeal and docketing statement because it complied with Rules 12-202 and 12-208 NMRA.

{22}   "[O]ur courts have expressed concern that a strict adherence to formal requirements might unduly infringe on the absolute right to one appeal provided by Article VI, Section 2 of the New Mexico Constitution." *Wakeland*, 2012-NMCA-021, ¶ 15. This Court has accepted a notice of appeal and docketing statement as substitute for a petition for writ when the document substantially complied with Rule

10

12-505 NMRA. *See Wakeland*, 2012-NMCA-021, ¶ 17 (reasoning that "we do not believe that these possible inequities warrant the rejection of a non[]conforming document that, liberally construed, substantially complies with Rule 12-505," when concluding that notice of appeal and docketing statement may be construed as a nonconforming petition for writ of certiorari in some circumstances); *see id.* ¶¶ 10-12 (reviewing three cases from this Court where this Court elected to treat a timely filed notice of appeal as a petition for writ of certiorari). We emphasize that "New Mexico courts have not been stringent about the form and content requirements of documents filed in an effort to seek appellate review, so long as the information provided in the non[]conforming document is adequate to convey the basic intent of the party filing the document." *Wakeland*, 2012-NMCA-021, ¶ 7.

{23} Here, the nonconforming document adequately conveys the basic intent of Petitioner and meets our mandatory time and place requirements for filing a notice of appeal. *See Murken v. Solv-Ex Corp.*, 2006-NMCA-064, ¶ 31, 139 N.M. 625, 136 P.3d 1035 ("It remains the rule that time and place filing requirements for the notice of appeal are mandatory preconditions to this Court's exercise of jurisdiction over an appeal."). A notice of appeal must be filed within thirty days after the judgment or order is filed in the district court. *See* Rule 12-201(A). Petitioner filed her petition for writ of certiorari within thirty days after the district court filed its order denying her motion to compel. Furthermore, Rule 12-202 requires that a notice of appeal

specify each party taking the appeal and each party against whom the appeal is taken, the name and address of appellate counsel, the name of the court to which the appeal is taken, and that the order or judgment to be appealed be attached to the notice of appeal. *See* Rule 12-202(B)-(C). A Rule 12-505 petition for writ of certiorari has the same requirements, and Petitioner complied with these requirements in her petition. Rule 12-505(D).

{24} Similarly, the petition for writ of certiorari may be construed as a nonconforming docketing statement because it substantially complies with Rule 12-208. *See* Rule 12-208; *see also Wakeland*, 2012-NMCA-021, ¶ 17. A docketing statement must be filed within thirty days after the filing of the notice of appeal. *See* Rule 12-208(B). Petitioner complied with this mandatory time requirement. As to the substance, a docketing statement must contain a statement of the nature of the proceeding, the date of the order to be reviewed, a concise, accurate statement of the case summarizing all facts material to the issues, a statement of the issues presented by the appeal, a list of authorities to support the appellant's position and any contrary authorities known, a statement specifying whether the entire proceeding was audio recorded, and a reference to any prior related appeals, if any. *See* Rule 12-208(D). While Petitioner admits in her reply brief that she did not include a statement specifying whether the entire proceedings were audio recorded, as required by Rule

12-208(D)(6), she otherwise complied with the requirements of Rule 12-208 when she filed her petition.

{25} DOH argues that Petitioner did not file a notice of appeal, and therefore this appeal is not properly before this Court. DOH cites to *Romero v. Pueblo of Sandia/Sandia Casino*, 2003-NMCA-137, 134 N.M. 553, 80 P.3d 490, in an attempt to support its argument for a strict adherence to our notice of appeal requirements. However, in *Romero,* this Court held that an application for an interlocutory appeal would be considered to serve as a notice of appeal and docketing statement to review the appeal on its merits. *Id.* ¶ 7. Thus we view *Romero* as supporting our conclusion that the petition for writ of certiorari may be construed as a notice of appeal and docketing statement. *Cf. Williams v. Rio Rancho Pub. Schs.*, 2008-NMCA-150, ¶¶ 14-15, 145 N.M. 214, 195 P.3d 879 (discussing whether a writ of error may be heard as a direct appeal, but declining to construe it as such due to the writ of error not meeting mandatory time requirements for a notice of appeal).

{26} We hold that Petitioner's petition for writ of certiorari substantially complied with the requirements in Rule 12-201, Rule 12-202, and Rule 12-208 such that we may construe it as a nonconforming notice of appeal and docketing statement.

**II. The District Court's Authority**

{27} Finally, we turn to whether the district court had the authority to deny Petitioner's motion to compel. "There are three jurisdictional essentials necessary to

the validity of every judgment: jurisdiction of parties, jurisdiction of subject matter and power or authority to decide the particular matter presented." *Heckathorn v. Heckathorn*, 1967-NMSC-017, ¶ 10, 77 N.M. 369, 423 P.2d 410. Here, we are confronted with a regulation that reads, in pertinent part: "The [arbitrator] shall retain jurisdiction of the case for the purpose of resolving any disputes regarding back pay." 1.7.12.23(B) NMAC; *see* § 10-9-18(H) ("The arbitrator shall have all of the powers of the board as set forth in Subsection F of this section."). Regulation 1.7.12.23(B) NMAC raises the question of whether the district court had the power or authority to decide Petitioner's dispute over the back pay amount that she identified in her motion to compel. We hold that it did not.

{28} Though neither party challenged the district court's authority to rule on the motion to compel in the district court or on appeal, an appellate court may raise a jurisdictional issue sua sponte. *See Masterman v. State Tax'n & Revenue Dep't, Motor Vehicle Div.*, 1998-NMCA-126, ¶¶ 9-10, 125 N.M. 705, 964 P.2d 869.

{29} In *Sundance Mechanical & Utility Corp. v. Atlas*, our Supreme Court explored what is meant by "power or authority to decide [a] particular matter." 1990-NMSC-031, ¶¶ 12-14, 109 N.M. 683, 789 P.2d 1250. The Court noted that while "it is not easy to discern the difference between lack of subject-matter jurisdiction and lack of power or authority to decide the particular matter presented," it relates to the power granted to district courts in our Constitution over "such jurisdiction of special cases

14

and proceedings as may be conferred by law." *Id.* ¶ 13 (internal quotation marks and citation omitted). The Court held that "the jurisdiction of a district court does not depend on how the court decides a contested issue submitted to it; the test is whether or not it had power to enter upon the inquiry[,] not whether its conclusion was right or wrong." *Id.* ¶ 15 (omission, internal quotation marks, and citation omitted). By way of example, the Court pointed to garnishment cases in which the "district court has only such jurisdiction as is conferred by statute." *See id.* ¶ 13. We find another illustrative example to be a district court's limited review of arbitration awards. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 9, 115 N.M. 622, 857 P.2d 22 ("The Arbitration Act controls the scope of the district court's review of an arbitration award.").

{30}     In this case, the regulation provides that any dispute regarding back pay *shall* remain with the arbitrator or hearing officer. *See* 1.7.12.23(B) NMAC. The substance of Petitioner's motion raised a dispute regarding back pay. *Cf. Century Bank v. Hymans*, 1995-NMCA-095, ¶ 10, 120 N.M. 684, 905 P.2d 722 ("[T]he substance of the motion, not its title, controls."). Because the parties presented the district court with a dispute that 1.7.12.23(B) NMAC reserved for the arbitrator to resolve, the district court did not have the power or authority to rule on the dispute. *See Sundance Mech. & Util. Corp.*, 1990-NMSC-031, ¶ 15. The district court, thus, erred in denying Petitioner's motion since it was without authority to decide it.

**{31}** Our holding, that the regulation requires disputes regarding back pay to remain with the arbitrator, is in line with our state's strong public policy that disputes be resolved through arbitration. *See Fernandez*, 1993-NMSC-035, ¶ 8 ("[Our Supreme] Court has repeatedly reaffirmed the strong public policy in this state, expressed in the Arbitration Act, in favor of resolution of disputes through arbitration."). Our holding does not impact the order confirming the arbitration award, since the district court had authority to enter that order. *See* § 44-7A-23.

**{32}** We reverse and remand with instructions to the district court to vacate its order denying the motion to compel back pay, and to remand the back pay dispute to the arbitrator.

**CONCLUSION**

**{33}** For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.

**{34}** **IT IS SO ORDERED.**

_____
**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

_____
**ZACHARY A. IVES, Judge**

_____
**SHAMMARA H. HENDERSON, Judge**

16