2006-NMCA-064

136 P.3d 1035

Arlo and Joyce MURKEN, on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,

v.

SOLV–EX CORPORATION, John S. Rendall, W. Jack Butler, Defendants,

and

Deutsche Morgan Grenfell, Inc., Defendant–Appellee,

and

Bernard C. Baier (including shares held by Pension and Profit sharing Plan FBO Bernard C. Baier with Suburban Radiology, Patricia A. Baier, Mary Kathleen Baier, and Susan Baier); Harold S. Carpenter (including shares held by Marilyn N. Carpenter, Heartland Systems Company, and Carpenter Investment Company); Lee S. Chapman; Clark A. Colby (including shares held by Thomas Colby, Kimberly Colby, Clark A. Colby, Jr., Melinda Colby, Clark A. Colby III, Vicki Colby, Robert Vogel, Mr. and Mrs. Kenneth Brooke, Lloyd Clarke, Peggy Williams, Stephanie Kempf, Jeff Lamson, Charles I. Colby and Ruth Colby Trust Number One, Ruth Colby Trust 'A', Charles I. Colby and Ruth Colby Nation Development Trust, Charles I. Colby and Ruth Colby Trust, and The Six Incorporated Trust); Keith Denner; Joey Feste; Joe Fielder; William R. and Virginia R. Fielder; Jerry V. Flatt; Samuel A. Francis; Kenneth L. Haack; Armon J. Helvig; Steve Lindell; Edward J. Michael; Toby Michael; Cliff Phelps; Kelly Wentzel; and Don White, Proposed Intervenors–Appellants,

and

Toby Michael, Objector–Appellant,

and

Bernard Baier, Lee Chapman, William Felder, Virginia Felder, Jerry Flatt, Cliff Phelps, Kelly Wentzel, Don White, Joey Feste, Edward J. Michael, Toby Michael, David Rendall, Joe Rock, Mark Richards, John Liporante, Manny Aragon, Dennis Schlegel, Kent Barghols, Norman Anderson, Sajad Janmohammed, Milton E. Davey, Charles Quenneville, Robert Retz, Matthew L.T. Waldor, and Mary Ann Michael, Movants–Appellants.

No. 25,459.

Court of Appeals of New Mexico.

April 25, 2006.

Sanchez, Mowrer & Desiderio, P.C., Robert J. Desiderio, Albuquerque, NM, for Appellants.

Branch Law Firm, Turner W. Branch, Albuquerque, NM, Alexander, Hawes & Audet, LLP, William M. Audet, San Jose, CA, for Appellees Arlo and Joyce Murken.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., John R. Cooney, Charles A. Armgardt, Albuquerque, NM, Milbank, Tweed, Hadley & McCloy, LLP, Jeffrey Barist, New York, NY, Michael D. Nolan, Andrew M. Leblanc, Washington, D.C., for Appellee Deutsche Morgan Grenfell, Inc.

## OPINION

PICKARD, Judge.

{1} In this class action appeal, we decide whether the district court was divested of jurisdiction over the merits of the case due to a pending appeal of the denial of a motion to intervene brought by nonnamed class members. We also consider issues contending the district court abused its discretion in certifying a class for purposes of settlement, in deciding that notice to absent class members was adequate, and in approving the settlement, all without conducting an evidentiary hearing. Holding that the district court had jurisdiction to certify the class and did not abuse its discretion in finding that a class action was the superior method of adjudication, and that the other issues are not properly before us, we affirm.

## BACKGROUND

{2} This is another appeal involving the demise of the Solv–Ex Corporation. *See Butler v. Deutsche Morgan Grenfell, Inc.,* 2006-NMCA-084, 140 N.M. 111, 140 P.3d 532

(Nos. 25,556, 25,557, 25,558, filed April 25, 2006); *Murken v. Solv–Ex Corp.*, 2005–NMCA–137, 138 N.M. 653, 124 P.3d 1192; *Murken v. Suncor Energy, Inc.*, 2005–NMCA–102, 138 N.M. 179, 117 P.3d 985. The case began when Plaintiffs filed a class action complaint in 1996. Solv–Ex Corporation, John Rendall (founder and CEO of Solv–Ex), W. Jack Butler (president of Solv–Ex), and Deutsche Morgan Grenfell (DMG, an investment firm that had helped to finance Solv–Ex) were all named as defendants. Plaintiffs' complaint alleged that the defendants had engaged in a fraudulent scheme involving the sale of Solv–Ex stock. The complaint alleged violations of state securities laws and asserted common law tort and contract claims. In 2003, Plaintiffs entered into a settlement agreement with DMG whereby the class would receive $1.5 million. The agreement did not involve any of the other defendants. On September 8, 2003, the district court granted preliminary approval of the settlement and directed the parties to the settlement to send notice to class members. The district court's order certifying the class directs that the order will become null and void should the settlement not become effective.

{3} On August 13, 2003, after Plaintiffs and DMG had reached a settlement but before the court's preliminary approval of the settlement, some of the Appellants in this case moved to intervene in the class action. These Appellants claimed to be Solv–Ex stockholders who had suffered injuries similar to those alleged by the class plaintiffs. They disagreed with Plaintiffs' theory of the case. They believed that Butler and Rendall were not responsible for Solv–Ex's failure. Instead, they alleged DMG and its parent company, Deutsche Bank, had acted in concert with third parties to harm Solv–Ex. They also claimed that Plaintiffs were not adequately representing the interests of the class members. The district court denied the motion to intervene as untimely. This Court recently affirmed that decision. *Murken*, 2005–NMCA–137, ¶ 2, 138 N.M. 653, 124 P.3d 1192.

{4} On December 9, 2004, while Appellants' appeal of the intervention denial was pending before this Court, the district court held a hearing on the motion of Plaintiffs and DMG for final approval of the settlement agreement. The court did not allow the presentation of oral testimony at the hearing, but it did allow argument by all parties who asked to be heard, and it considered extensive documentary evidence, affidavits, and pleadings contained in the record. Over Appellants' objection, the district court certified the class for purposes of settlement only and approved the settlement. Appellants filed an application for appeal of this order under Rule 1–023(F) NMRA, which we granted.

{5} Appellants' briefing indicates that the individuals appealing the district court's order fall into three distinct groups: (1) those individuals who unsuccessfully attempted to intervene in the class action; (2) Toby Michael, a class member who filed a timely objection to the settlement; and (3) "movants," a group of Solv–Ex shareholders who objected to the settlement. However, the same arguments are advanced with respect to all three groups, and the briefing does not indicate if or why the groups should be treated differently. Thus, we will not distinguish between the groups, referring to them collectively hereafter as Appellants.

## DISCUSSION

{6} As an initial matter, Plaintiffs argue that Appellants lack standing to challenge the district court's order because they are not "parties" to the litigation. However, Plaintiffs acknowledge that one of the appellants was a party, and they do not explain why or argue that he would not have standing. In addition, Plaintiffs have not cited any authority whatsoever in support of their position. We will not address contentions not supported by argument and authority. *See, e.g., Smith v. Village of Ruidoso*, 1999–NMCA–151, ¶ 36, 128 N.M. 470, 994 P.2d 50.

{7} Appellants advance three arguments on appeal: (1) because of the pending appeal of the intervention denial, the district court lacked jurisdiction to certify the class and approve the settlement; (2) the district court abused its discretion in failing to "rigorously analyze" the superiority and notice requirements of Rule 1–023 because it failed to hold an evidentiary hearing, and it abused its

discretion in failing to place the burden on Plaintiffs to show that the rule's requirements were met; and (3) the district court's decisions to certify the class, approve the notice procedures, and approve the settlement are not supported by substantial evidence because the court did not allow the presentation of any evidence. We address these arguments in turn, rejecting each of them.

### 1. The District Court Had Jurisdiction to Certify the Class and Approve the Settlement

{8} Appellants first argue that the district court lacked jurisdiction to certify the class and approve the settlement due to the pending appeal of the denial of Appellants' motion to intervene. We review the subject matter jurisdiction of the district court de novo. *See Sanchez v. Santa Ana Golf Club, Inc.*, 2005–NMCA–003, ¶ 4, 136 N.M. 682, 104 P.3d 548.

{9} Appellants rely on *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 824 P.2d 1033 (1992), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 851 P.2d 1064 (1993). In *Kelly Inn*, our Supreme Court clarified the well-known rule that the filing of a proper notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the appellate court. *See* 113 N.M. at 241–43, 824 P.2d at 1043–45. The Court noted that the rule is not absolute, as it does not prevent the district court from taking actions to "carry out or enforce the judgment." *Id.* at 241, 824 P.2d at 1043. The Court then listed examples of such permissible actions. *Id.* (determination of amount of costs); *id.* at 242, 824 P.2d at 1044 (motion to enter deficiency judgment; enforcement of declaratory judgment; stay of execution of judgment). However, the Court ultimately reiterated the general rule that when an appeal is pending, the district court retains jurisdiction only to determine "collateral matters not involved in the appeal." *Id.* at 243, 824 P.2d at 1045.

{10} Appellants argue that the district court lacked jurisdiction because certification of the class and approval of the settlement were not "collateral matters" that would not

"affect the judgment on appeal." Appellants assert that the judgment on appeal could have been affected by the district court's actions of certifying the class and approving the settlement because if this Court had reversed the district court and allowed Appellants to intervene, there would have been no lawsuit remaining for them to join on remand. We are not persuaded by these arguments.

{11} *Kelly Inn* makes clear that the policy behind the rule is judicial economy— as a practical matter, it would be inefficient to have two courts working on the same substantive matter at the same time. *Id.* at 242, 824 P.2d at 1044 (noting that the rule is "designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time" (internal quotation marks and citation omitted)). To avoid such waste, when substantive issues have been properly put before the appellate court, the district court may no longer take any action that could change the issues pending in the appellate court. As the United States Supreme Court has written: "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal.*" *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam) (emphasis added), *superseded by rule on other grounds as stated in Hatfield v. Bd. of County Comm'rs*, 52 F.3d 858, 861 (10th Cir.1995). Thus, application of the *Kelly Inn* rule necessarily assumes a final, appealable order on the merits that is under consideration by an appellate court and could be affected by further action of the district court.

{12} Here, the situation is different. The only relevant final order issued by the district court prior to the certification and settlement order was the denial of intervention. Our cases deem such orders "final" so that they can be immediately appealed, not because they conclude the case pursuant to ordinary notions of finality. *See Apodaca v. Town of Tome Land Grant*, 86 N.M. 132, 133, 520 P.2d 552, 553 (1974) (discussing

whether denial of intervention is appealable as of right and concluding that orders denying intervention are final to allow them to be appealable); *Kelly Inn,* 113 N.M. at 236, 824 P.2d at 1038 ("The general rule in New Mexico for determining the finality of a judgment is that 'an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.' " (internal citation omitted)); *cf.* Rule 1–054(B)(2) NMRA (deeming judgment determining all issues as to one party to be final unless the court otherwise provides). Thus, the order denying intervention can be viewed as interlocutory, although immediately appealable. There was no final order on the merits of the underlying class action. We certainly agree that the *Kelly Inn* rule would have prevented the district court from altering its ruling on the intervention motion, the substantive matter that was pending before this Court. But because no substantive issues involving the certification or settlement were before this Court at the time the district court made its ruling on those issues, the dangers sought to be avoided by the *Kelly Inn* rule were not implicated. Therefore, we hold that the *Kelly Inn* rule was not applicable and the district court retained jurisdiction to certify the class and approve the settlement.

{13} Authority from other jurisdictions also provides support for our decision. We note that Appellants have provided us with no authority that directly supports their position, and we are thus entitled to assume there is none. *In re Adoption of Doe,* 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."). However, our research has revealed a few cases that are on point. Two of those cases reach the same conclusion we do, while the other, with little analysis and no citation to direct authority, reaches the opposite conclusion. *See Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829, 831 n. 1 (N.D.Cal.1973) (noting that intervenor's interlocutory appeal involving scope of intervention did not deprive court of jurisdiction over "other matters in the case which are not

on appeal"), *abrogated on other grounds as noted in Patrick v. Miller,* 953 F.2d 1240, 1250 & n. 5 (10th Cir.1992); *Olson v. Hopkins,* 269 Cal.App.2d 638, 75 Cal.Rptr. 33, 37–38 (Ct.App.1969) (rejecting argument, based on statute similar to *Kelly Inn* rule, that appeal of denial of intervention motion divested district court of jurisdiction to rule on merits); *cf. County of Alameda v. Carleson,* 5 Cal.3d 730, 97 Cal.Rptr. 385, 488 P.2d 953, 958 n. 7 (1971) (en banc) (citing *Olson* for the proposition that district court retained jurisdiction to rule on proposed intervenors' motion to vacate judgment where the denial of their motion to intervene was on appeal). *But see Maine v. Norton,* 148 F.Supp.2d 81, 83 (D.Me.2001) (citing no direct authority but stating that the lower court lacked jurisdiction to proceed on the merits while denial of intervention was pending in court of appeals).

{14} We are also unpersuaded by Appellants' reliance on the *Kelly Inn* Court's statement that the district court is not divested of jurisdiction when the action it takes "will not affect the judgment on appeal." 113 N.M. at 241, 824 P.2d at 1043 (emphasis omitted). Appellants take this phrase out of context. The complete sentence reads as follows: "It is clear, though, that a pending appeal does not divest the trial court of jurisdiction to take further action when the action will not affect the judgment on appeal and when, instead, the further action enables the trial court to carry out or enforce the judgment." *Id.* (emphasis omitted). The complete sentence makes clear that the Court was not attempting to set forth a comprehensive definition of actions that are impermissible. Rather, it was stating what actions are permissible—those actions that are taken to "carry out or enforce the judgment." Thus, this statement does not aid Appellants. *See Fernandez v. Farmers Ins. Co. of Ariz.,* 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) ("[C]ases are not authority for propositions not considered." (internal quotation marks and citations omitted)).

{15} We have also considered the policy arguments raised by Plaintiffs and Defendant DMG. They point out that if we were to rule in Appellants' favor on this question, we

would be creating the possibility that an appeal of any intervention motion, no matter how frivolous, could be used to delay proceedings in the district court indefinitely. We agree that this possibility further counsels against a holding that the district court lacked jurisdiction in this case.

{16} In fact, as we noted above, the order denying intervention is fundamentally interlocutory, although it is deemed final for purposes of allowing it to be immediately appealed. It is precisely to prevent a litigant from depriving a district court of jurisdiction that we have held that an attempted "appeal from a manifestly non-final order cannot divest a court of jurisdiction." *In re Byrnes*, 2002–NMCA–102, ¶ 39, 132 N.M. 718, 54 P.3d 996.

{17} Importantly, too, Appellants did not pursue other options that were potentially available to protect their rights. First, they could have asked the district court to stay its decision on the merits pending resolution of the appeal. *See Belser v. O'Cleireachain*, 2005–NMCA–073, ¶ 3, 137 N.M. 623, 114 P.3d 303 (noting that the district court, in the exercise of its inherent power to manage the cases before it, has discretion to grant and lift stays). If they were dissatisfied with the district court's exercise of discretion, Rule 12–207 NMRA provides general authority for this Court's review of district court decisions dealing with stays.

{18} Second, they could have opted out of the action so as to not be bound by any judgment rendered. *See* Rule 1–023(C)(2)(a) (referencing the ability of class members to timely request exclusion from the class). Appellants also fault the notice procedures used by Plaintiffs, alleging that some class members did not receive actual notice of the action in time to opt out. However, the opt-out deadline was November 3, 2003, and the motion to intervene was filed on August 13, 2003. Thus, at least those Appellants who were party to the motion to intervene had actual notice of the action in time to opt out. Because Appellants declined to protect their rights by requesting a stay or opting out of the class, they ran the risk of the situation in which they now find themselves.

{19} We acknowledge that there appear to be some Movant–Appellants who were not party to the motion to intervene, and thus we cannot tell whether they would have had actual notice in time to opt out. However, while Appellants have made a general allegation that some class members received notice after the opt-out deadline, they have not indicated whether any of the parties to this appeal fall into that category. *See City of Albuquerque v. Westland Dev. Co.*, 121 N.M. 144, 155, 909 P.2d 25, 36 (Ct.App.1995) ("The appellant has the burden to point out clearly and specifically the error it asserts on appeal.").

{20} We reiterate that because there was no final judgment on the merits of the underlying class action, the *Kelly Inn* rule was not applicable and the district court acted within its jurisdiction in certifying the class and approving the settlement.

**2. The District Court Adequately Analyzed the Rule 1–023 Factor of Superiority and Did Not Abuse its Discretion in Certifying the Class**

{21} We utilize a two-step process in reviewing a district court's class action certification decision. First, we review de novo whether the district court applied the correct law. *See Brooks v. Norwest Corp.*, 2004–NMCA–134, ¶ 7, 136 N.M. 599, 103 P.3d 39. If the district court has applied the correct law, we then review its certification decision to see whether the court abused its discretion in certifying or refusing to certify the class. *Id.*

{22} Appellants first argue that the district court "misappli[ed]" the law in "neglect[ing] to undertake the rigorous analysis required by law of whether Plaintiffs met all the requirements of Rule [1–023]." Appellants' primary argument is that the district court erred in failing to hold an evidentiary hearing prior to certifying the class. This is a threshold question of whether the district court applied the correct law, and we review it de novo. *See Brooks*, 2004–NMCA–134, ¶ 7, 136 N.M. 599, 103 P.3d 39. After making that determination, we review the remainder of Appellants' contentions under the abuse of discretion standard because Appellants do not make any other allegations that the court

failed to apply or misconstrued the requirements of Rule 1–023. We hold that the district court was not required to hold an evidentiary hearing and that the court did not abuse its discretion in certifying the class.

{23} Appellants specifically argue that the district court failed to "rigorously analyze" the requirement of Rule 1–023(B)(3) that a class action must be superior to other methods of adjudication. *See Brooks*, 2004–NMCA–134, ¶ 9, 136 N.M. 599, 103 P.3d 39 (directing district courts to engage in a "rigorous analysis" of the Rule 1–023 requirements in order to ensure that the process is fair to both defendants and absent class members). This requirement mandates that before certifying a Rule 1–023(B)(3) class action, the district court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The rule then directs the court to consider the following four factors in deciding whether a class action is the superior method of adjudication: (1) "the interest of members of the class in individually controlling the prosecution or defense of separate actions," (2) "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class," (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum," and (4) "the difficulties likely to be encountered in the management of a class action." Rule 1–023(B)(3).

{24} Appellants argue only that the first of the superiority factors, the interest of individual class members in bringing their own actions, weighs against certification in this case. Appellants correctly point out that one of the primary considerations with regard to this factor is the potential size of individual members' claims, because larger claims are more likely to be worth adjudicating individually instead of in a class action. *See Amchem Prods.*, 521 U.S. at 616, 117 S.Ct. 2231.

{25} Appellants have not demonstrated to us that the district court failed to conduct a rigorous analysis of this factor. As we have stated, Appellants' argument essentially boils down to dissatisfaction with the district court's refusal to hold an evidentiary hearing before certifying the class. Appellants argue that the size of potential individual claims is a question of fact that the court cannot have considered because it refused to allow the presentation of evidence.

{26} Courts around the country have concluded that a district court need not conduct an evidentiary hearing prior to certifying a class. *See, e.g., Grayson v. K Mart Corp.*, 79 F.3d 1086, 1099 (11th Cir.1996) ("A court *may* hold an evidentiary hearing prior to certifying a class. The failure to hold an evidentiary hearing, however, does not require reversal of the class certification unless the parties can show that the hearing, if held, would have affected their rights substantially." (internal citations omitted)); *Hartman v. Duffey*, 19 F.3d 1459, 1473 (D.C.Cir.1994) (remanding for reconsideration of certification decision but stating that "[w]e emphasize that there is no requirement in this circuit that a trial court conduct an evidentiary hearing ... on the issue of class certification in every case"). *But see Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir.1986) ("[W]e have stated on numerous occasions that the district court should ordinarily conduct an evidentiary hearing on [the certification] question. Only in cases free from doubt, where clear grounds exist[ ] for denial of class certification may a district court escape this obligation." (internal quotation marks and citations omitted)). We agree with the majority of these courts and hold that a district court is not required to hold an evidentiary hearing prior to making a certification decision, particularly in cases like the present one, where the district court reviewed a mass of documentary evidence and heard argument of counsel, and where Appellants have not specifically shown any prejudice from the failure to hold an evidentiary hearing.

{27} We now examine whether the district court abused its discretion in finding that the superiority requirement was met. We note that despite the district court's refusal to take "evidence," the court was well aware of Appellants' contention that a class action was not the superior method of adjudication due to the allegation of large claims

belonging to individual class members. Counsel for Appellants cogently made this point at the certification hearing, and Mr. Michael (the Appellant who was a class member and timely objected) also submitted an affidavit indicating that he alone owned approximately 600,000 shares of Solv–Ex stock. Appellants have not demonstrated to us that the district court failed to consider their argument. Thus, we presume that the district court properly considered the possibility that individual class members might have large claims that would not be well suited to class action adjudication and nonetheless determined that a class action was the superior method of adjudication. *See State v. Rojo,* 1999–NMSC–001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (noting that where record is unclear, we presume regularity and correctness of the district court's actions).

{28} Further, the district court's determination that a class action was the superior vehicle in this case is supported by the fact that the other three superiority factors weigh in favor of certification. First, there is no other pending litigation brought by Solv–Ex stockholders. *See* Rule 1–023(B)(3)(b) (directing court to consider related pending litigation). Second, New Mexico appears to be a desirable forum because Solv–Ex was a New Mexico corporation and Defendant Rendall is still a New Mexico citizen. *See* Rule 1–023(B)(3)(c) (directing court to consider whether forum is desirable). Finally, manageability issues are not relevant to the superiority determination because this class was certified for purposes of settlement only. *See* Rule 1–023(B)(3)(d) (directing court to consider whether class action will be manageable); *see also Amchem Prods.,* 521 U.S. at 620, 117 S.Ct. 2231 (noting that while other Rule 23 factors should still be analyzed vigilantly, manageability need not be considered if certification is for purposes of settlement only). Because we assume that the district court properly considered Appellants' argument with regard to the size of individual claims, and because the other three Rule 1–023(B)(3) factors weigh in favor of certification, we cannot say that the district court abused its discretion in determining that a class action was the superior method of adjudicating this conflict.

{29} Because we have decided that the district court did not err in finding that a class action was the superior method of adjudication, we also reject Appellants' cursory argument that the district court failed to put the burden of showing that the Rule 1–023 requirements were met on Plaintiffs.

### 3. Appellants' Other Arguments Are Not Properly Before Us

■ {30} We now turn to Appellants' contention that the district court erred in approving Plaintiffs' procedures for disseminating notice to the class. Defendant DMG argues that we should not consider Appellants' notice arguments because Appellants brought this appeal under Rule 1–023(F). Rule 1–023(F) allows for discretionary appeal of "an order of a district court granting or denying class action certification." We agree with DMG that notice issues are not properly addressed in a Rule 1–023(F) appeal because notice is a separate issue that is not part of the certification decision. *See* Rule 1–023(A)–(B) (setting forth the requirements for certification); Rule 1–023(C) (setting forth notice requirements). We also note that the federal courts have construed the analogous federal rule narrowly. *See, e.g., McKowan Lowe & Co. v. Jasmine, Ltd.,* 295 F.3d 380, 390 (3d Cir.2002) (noting that circuit courts have been "scrupulous about limiting [Fed. R. Civ. P.] 23(f) inquiries to class certification issues").

■ {31} In this case, Appellants did not directly appeal from the order approving the settlement. No notice of appeal was ever filed by them, and Appellants did not file or serve their application for interlocutory appeal on the district court clerk, as contemplated by a later-enacted rule governing appeals of class action certification decisions. *See* Rule 12–203A(A) NMRA. It remains the rule that time and place filing requirements for the notice of appeal are mandatory preconditions to this Court's exercise of jurisdiction over an appeal. *See Govich v. N. Am. Sys., Inc.,* 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). Thus, we cannot construe their application as a notice of appeal. Accordingly, we do not address their issues concerning the

procedures for disseminating notice to the class.

{32} Appellants also make a cursory argument that the district court's decision to approve the settlement was not supported by substantial evidence. We will not address this argument for the same reasons we do not address the notice issue—such issues are not properly raised in an interlocutory appeal of a class action certification decision and there was no timely appeal taken from the settlement order.

**CONCLUSION**

{33} We affirm.

{34} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and RODERICK T. KENNEDY, Judges.