2008-NMSC-058

194 P.3d 108

William PLATTE, personal representative of the Estate of Lorenne Rebecca Rivera–Platte, Plaintiff–Petitioner,

v.

FIRST COLONY LIFE INSURANCE COMPANY, a Virginia corporation, Defendant–Respondent,

and

Michael B. Hopkins, Robin H. Hopkins, James McCoy, Martin Sir, Paul Holley, Phillip Mickens, and Lisa Treat, Objectors–Respondents.

No. 30,691.

Supreme Court of New Mexico.

Sept. 16, 2008.

Sutin, Thayer & Browne, P.C., Paul Bardacke, Kerry C. Kiernan, Eaves & Mendenhall, P.A., John M. Eaves, Karen S. Mendenhall, Myers, Oliver & Price, P.C., Floyd D. Wilson, McCary, Wilson & Pryor, Dennis M. McCary, Alan Karl Konrad, Wilson Law Firm, P.C., Alan R. Wilson, Albuquerque, NM, for Petitioner.

Scheuer, Yost & Patterson, P.C., Mel E. Yost, Christopher M. Grimmer, Santa Fe, NM, Weil, Gotshal & Manges, L.L.P., Mindy J. Spector, John P. Mastando, III, New York, NY, for Respondent.

McClaugherty & Silver, P.C., Joe L. McClaugherty, White, Koch, Kelly & McCarthy, P.A., Mary Karen Kilgore, Law Office of George T. Geran, George T. Geran, Santa Fe, NM, Law Offices of Brian K. Branch, Brian K. Branch, Albuquerque, NM, Caddell & Chapman, Michael A. Caddell, Cynthia B. Chapman, Houston, TX, for Objectors.

## OPINION

MAES, Justice.

{1} This matter involves the highly unusual posture of reviewing the Court of Appeals' Opinion without the benefit of adversarial presentation of the issues. After the Court of Appeals filed its Opinion, the parties settled. All parties now petition this Court to reverse the Court of Appeals and vacate the Opinion. Because of the unique circumstances of this appeal, we affirm the district court's approval of the Settlement Agreement in all respects and remand this case to the district court with orders to enter the district court's Final Order, Judgment of Dismissal with Prejudice and Release (Final Order) filed on October 15, 2004.

## BACKGROUND

{2} In this class action lawsuit, seven Objectors appealed the district court's Final Order approving the class Settlement Agreement, which was negotiated between Plaintiff–Class Representative Lorenne Rebecca Rivera–Platte, now represented by her estate, and Defendant First Colony Life Insurance Company (FCL). *Rivera–Platte v. First Colony Life Ins. Co.*, 2007–NMCA–158, 143 N.M. 158, 173 P.3d 765. The Court of Appeals reversed the Final Order and remanded the case to the district court for further findings on whether the Settlement Agreement was fair and reasonable and whether the class should be certified for settlement purposes. *Id.* ¶ 99.

{3} After the Court of Appeals filed its Opinion, Objectors and Plaintiff entered into an ancillary agreement in which Plaintiff agreed to share a portion of the attorneys' fees awarded in the Settlement Agreement with Objectors, and Objectors agreed to dismiss their appeal. On motion to the Court of Appeals, Plaintiff and Objectors asked the Court to dismiss the appeal. The motion requested that the Court of Appeals' Opinion not be published, but the movants did not oppose publication if the Court included an explanatory note that the issues on appeal were resolved and the Opinion does not apply to the Settlement Agreement.

{4} FCL opposed the motion to dismiss, arguing that Plaintiff's and Objectors' collat-

eral agreement did not resolve the issues raised by the appeal and in the Court of Appeals' Opinion. FCL asserted that one of the conditions precedent to the Settlement Agreement is that the Final Order "shall become Final" and, if appealed, "affirmed in all respects." FCL argued that even if the Court granted the motion to dismiss, the settlement would not be final under the terms of the Settlement Agreement. The Court of Appeals denied the motion because the Court's Opinion affected the rights of all the parties, FCL was not included in the collateral negotiations, and the parties were not unanimous in seeking dismissal of the appeal.

## DISCUSSION

{5} This matter came before this Court on a petition for certiorari, which we granted to review the formal opinion of the Court of Appeals. The parties have briefed the issues and have participated in oral argument before this Court. We have considered the parties' arguments and reviewed the record before us.

{6} Notwithstanding their positions below, all parties now seek to implement the district court's Final Order in the interest of achieving a class-wide settlement. To effectuate the Settlement Agreement and resolve all issues on appeal, the parties have petitioned this Court to reverse the Court of Appeals' Opinion and vacate the Court's judgment.

{7} Having reviewed the entire record, we are satisfied with the district court's approval of the Settlement Agreement. In a class action settlement, the district court is the protector of the unnamed class members' rights and acts on the level of a fiduciary. *See In re N.M. Indirect Purchasers Microsoft Corp.*, 2007–NMCA–007, ¶ 12, 140 N.M. 879, 149 P.3d 976. The district court is intimately familiar with the nuances of the case and must act with the highest level of care in approving class settlement agreements. Necessarily, we ascribe the authority to approve a class settlement agreement to the sound discretion of the district court. *See Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir.1984). In doing so, we must also defer to the court's judgment in

these matters. *Cf. Murken v. Solv–Ex Corp.*, 2006–NMCA–064, ¶ 21, 139 N.M. 625, 136 P.3d 1035 (reviewing certification of a class for settlement purposes for an abuse of discretion). We will not overturn the court's judgment without a clear abuse of discretion, in which the judgment is contrary to logic and reason. *See Amkco Co. v. Welborn*, 2001–NMSC–012, ¶ 8, 130 N.M. 155, 21 P.3d 24.

{8} Under the unique posture of this case, we hold that the district court order confirming certification for the class for settlement purposes and approving the settlement shall be made final and affirmed in all respects. The Court of Appeals' Opinion reversing the district court shall be without any force or effect.

## CONCLUSION

{9} For the above reasons, we remand this case to the district court to implement the October 15, 2004 Final Order.

{10} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA, RICHARD C. BOSSON, Justices, and LINDA M. VANZI, J. Pro Tem.