This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LUIS ARTURO MORFIN**,

  Plaintiff-Appellee,

v.  NO. 30,782

**JESUS F. VILLALOBOS, Individually**,

  Defendant-Appellant,

and

**ARACELY VILLALOBOS, Individually, and FRANK'S OILFIELD SERVICE, INC.,**

  Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
William C. Birdsall, District Judge**

John F. Dietz
New York, NY

for Appellee

Emeterio Rudolfo
Farmington, NM

for Appellant



**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant-Appellant Jesus Villalobos (Defendant) appeals from an adverse judgment. We issued a notice of proposed summary disposition in which we proposed to uphold the judgment. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's various assertions of error, we affirm.

Initially, we will address several procedural matters.

First, we observe that Defendant has filed both a memorandum in opposition and an "amended" memorandum in opposition. However, our rules do not contemplate the filing of multiple memoranda in opposition under the circumstances presented here. *See generally* Rule 12-210(D)(3) NMRA (allowing for "a" single memorandum in opposition to be filed). As a result, it was incumbent upon Defendant, at a minimum, to file a motion with this Court. *See* Rule 12-309(A) NMRA (providing that all applications for relief not otherwise prescribed by the rules shall be made by filing a motion). However, Defendant has filed no motion with this Court seeking leave to amend. Although we might construe the subsequently-filed document as an implicit motion, Defendant has failed either to provide any grounds for the amendment, or to describe the position of opposing counsel relative to the

amendment. *See* Rule 12-309(B), (C) (providing that a motion "shall state concisely and with particularity . . . the ground on which it is based," and shall address the position of opposing counsel). Moreover, the subsequently-filed document was submitted to this Court well beyond the applicable deadline, as previously extended by this Court, without providing any reasons therefor. *See generally* Rule 12-309(D) (indicating that where an extension of time is sought, the motion "shall state with particularity the reasons for the request"). As a result of the foregoing deficiencies, we decline to consider the "amended" memorandum in opposition. We shall restrict this Court's discussion on the merits to the various points and authorities raised in the original, timely-filed memorandum in opposition.

Second, Defendant has moved to supplement the record with a partial transcript of the trial, as well as several documentary exhibits. Because the record proper supplies enough information about the evidence, we find it unnecessary to review the transcripts. Insofar as the majority of the documentary exhibits appear to be copies of tape logs which already appear in the record, supplementation with those documents is unnecessary. With respect to the two or three documents which appear to be original, we decline to supplement the record because the district court does not appear to have had the opportunity to consider them. *See In Re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 24, 140 N.M. 879, 149 P.3d 976

("An appellate court does not review a district court decision on the basis of facts that are ostensibly in the record but were not before the court below when it made its ruling."); *In re Estate of Keeney*, 121 N.M. 58, 60, 908 P.2d 751, 753 (Ct. App. 1995) (indicating that an appellate court would consider only matters that were considered by the trial court at the time it made its decision). Accordingly, the motion to supplement is denied.

Third and finally, the caption of Defendant's memorandum in opposition reflects a request for hearing. However, the body of the document does not explain the nature or basis for the request. *See generally* Rule 12-309(B) (providing that motions for extraordinary relief "shall state concisely and with particularity the relief sought and the ground on which it is based"). The motion is therefore denied.

This concludes our discussion of preliminary matters. We turn next to the issues renewed by Defendant in his memorandum in opposition.

**Issue 1:** Defendant contends that the district court erred in allowing Plaintiff's claims to proceed as against him, despite the automatic stay that was entered as a consequence of bankruptcy proceedings involving a co-defendant. [MIO 1-3]

As we previously observed, no authority has been cited for the proposition that claims against corporate officers in their individual capacities must be stayed during the pendency of bankruptcy proceedings involving named corporate defendants.

Under such circumstances, we are entitled to assume that no supporting authority exists. *Murken v. Solv-Ex Corp.*, 2006-NMCA-064, ¶ 13, 139 N.M. 625, 136 P.3d 1035.

In his memorandum in opposition Defendant relies on Rule 1-019 NMRA, contending that Frank's Oilfield Service, Inc., should have been deemed an indispensable party. [MIO 1-3] However, we find no indication in either Defendant's submissions to this Court or in the record proper that Defendant advanced such an argument below. Because the absence of an indispensable party is no longer considered a jurisdictional defect, objection on that basis is waivable. *See C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.*, 112 N.M. 89, 91, 811 P.2d 899, 901 (1991) (overruling prior cases holding that absence of indispensable party is jurisdictional defect). Moreover, because the question whether a party is indispensable "is more a factual question than a legal question," *Sims v. Sims*, 1996-NMSC-078, ¶ 53, 122 N.M. 618, 930 P.2d 153, we are in no position to consider an argument of this nature for the first time on appeal. *See Pinnell v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 1999-NMCA-074, ¶¶ 13-14, 127 N.M. 452, 982 P.2d 503 (declining to consider for the first time on appeal an argument concerning dismissal for failure to join an allegedly indispensable party; and explaining that an appellate court will not assume the role of the trial court and delve into such fact-dependent inquiries when the

opposing party has had no opportunity to develop a record in response, and would therefore be prejudiced). We therefore reject Defendant's first assertion of error.

**Issue 2:** Defendant attacks the sufficiency of the evidence to support individual liability, contending that he acted at all pertinent times in his capacity as a corporate officer. [MIO 3-5]

"Officers of corporations can be held personally liable when they commit intentional torts." *Kaveny v. MDA Enters., Inc.*, 2005-NMCA-118, ¶ 20, 138 N.M. 432, 120 P.3d 854. The tape logs contained within the record proper indicate that Plaintiff submitted testimony and other evidence of both a direct and circumstantial nature, which tended to support his various tort claims. This included evidence that Defendant had himself claimed ownership of the rig without justification, [RP 416, 459, 473] Defendant failed to maintain the rig and ultimately had it stripped after it was damaged, [RP 457, 474, 481-82] Defendant failed to compensate Plaintiff for the use of the rig in deliberate violation of the terms of their lease agreements, [RP 470-71, 475-76] and Defendant subsequently refused to return the rig upon demand. [RP 472] We therefore conclude that the various intentional torts were properly submitted to the jury for its consideration.

With respect to the breach of contract claim, Plaintiff presented evidence which tended to support his view that the lease agreements were made between Plaintiff and

Defendant individually. This evidence included Plaintiff's testimony about the personal nature and handshake-basis of the business relationship between the parties, [RP 470] as well as the fact that he received some checks from Defendant's personal account. [MIO 4] In light of this evidence, the jury was properly permitted to determine whether Defendant had entered into the lease agreements personally, as opposed to, in a corporate capacity, such that Defendant could be held individually liable.

Ultimately, Defendant's challenge to the sufficiency of the evidence appears to amount to an argument based on his own view that, on balance, the greater weight of the evidence tended to establish that he acted in his corporate capacity. However, "[i]t is for the fact-finder, not the appellate court, to weigh the evidence." *Kaveny*, 2005-NMCA-118 ¶ 6. We therefore reject Defendant's second assertion of error.

**Issue 3:** Defendant contends that the award of punitive damages was excessive and inappropriate. [MIO 6-7]

Defendant's argument appears to be premised on a narrow view of the evidence, by which the only damages Plaintiff actually suffered were caused by a third party's destruction of the rig. [MIO 6-7] However, as previously described, our review of the tape logs reflects that Plaintiff presented evidence that he had for several years prior to that event suffered damages as a consequence of Defendant's failure to

provide payments as required by the terms of the lease agreements between the parties. [RP 470-71, 475-76] As a result, we reject Defendant's characterization of the nature of the damages suffered.

We understand Defendant to suggest that punitive damages were improperly awarded in the absence of evidence of willful or malicious conduct. [MIO 7] However, as previously described, evidence appears to have been presented to indicate that Defendant committed a variety of intentional torts, such that the jury could have properly determined that Defendant's conduct was malicious.

Finally, Defendant argues in a perfunctory manner that the various criteria set forth in *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 36, 140 N.M. 478, 143 P.3d 717, do not support the award. These criteria include: "(1) the reprehensibility of the defendant's conduct, or the enormity and nature of the wrong; (2) the relationship between the harm suffered and the punitive damages award; and (3) the difference between the punitive damages award and the civil and criminal penalties authorized or imposed in comparable cases." *Id.* We disagree.

As previously stated, evidence of deliberate misconduct was presented, which caused Plaintiff to suffer severe financial hardship, including the loss of his home. [RP 474-75] As *Chavarria* illustrates, evidence of this nature provides significant support for an award of punitive damages. *Id.* ¶ 37. The punitive damage award was

9

approximately twice the compensatory damage award, which we do not regard as an unreasonable relationship. *See id.* ¶ 38 (observing that punitive damage awards reflecting a single-digit ratio generally comport with due process, although greater awards may also be warranted in appropriate cases). Finally, insofar as Defendant's misconduct could be characterized as consistent with various crimes such as fraud, conversion, criminal damage to property, and larceny, all involving substantial assets, "the potential civil and criminal penalties for conduct similar to that seen in this case weigh in favor of the reasonableness of a substantial punitive damages award." *Id.* ¶ 39. Accordingly, we reject Defendant's challenge to the punitive damages award.

**Issue 4:** Fourth and finally, Defendant claims that various deficiencies with respect to the jury instructions rise to the level of fundamental error. [MIO 7]

As we previously observed in the notice of proposed summary disposition, "the fundamental error doctrine does not apply to civil cases except in the most extraordinary circumstances." *N.M. State Bd. of Psychologist Exam'rs v. Land*, 2003-NMCA-034, ¶ 25, 133 N.M. 362, 62 P.3d 1244; *and see generally Gracia v. Bittner*, 120 N.M. 191, 194-98, 900 P.2d 351, 354-58 (Ct. App. 1995) (discussing the very limited role of fundamental error in civil cases and noting the importance of counsel's role in ensuring that facts and issues are properly presented to the jury). Because we have been made aware of nothing about this case that might be regarded

as so extraordinary as to warrant application of the doctrine, we reject Defendant's claim of fundamental error.

For the reasons stated above and in the notice of proposed summary disposition, the judgment is affirmed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**