This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38096**

**NEW MEXICO EDUCATIONAL RETIREMENT BOARD, on behalf of the NEW MEXICO EDUCATIONAL RETIREMENT FUND,**

 Plaintiffs-Appellees,

v.

**RENAISSANCE PRIVATE EQUITY PARTNERS, L.P.; ALDUS EQUITY PARTNERS, L.P.; ALDUS MANAGEMENT CO., LLC; ALDUS EQUITY LLC; ALDUS CAPITAL, LLC; GSS HOLDINGS (NMERB), INC.; ERASMUS CAPITAL MANAGEMENT, L.P.; DEUTSCHE BANK, A.G.; DBAH CAPITAL, LLC; SAUL M. MEYER; THOMAS HENLEY; MATTHEW O'REILLY; MARK CORRERA; and JOHN DOES 1-10,**

 Defendants-Appellees,

**STATE OF NEW MEXICO ex rel. FRANK C. FOY, JOHN CASEY, and SUZANNE FOY,**

 Qui Tam Relators-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Ortiz, District Judge**

Freedman Boyd Hollander Goldberg Urias & Ward, P.A.
Joseph Goldberg
Albuquerque, NM

for Plaintiffs-Appellees

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Andrew G. Schultz
Albuquerque, NM

Fried, Frank, Harris, Shriver & Jacobson LLP
Peter L. Simmons
New York, NY

for Appellees Deutsche Bank, A.G. and DBAH Capital, LLC

Victor R. Marshall & Associates, P.C.
Victor R. Marshall
(License Suspended)
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**     Appellants Frank Foy, Suzanne Foy, and John Casey appeal the district court's approval of settlements between Plaintiff New Mexico Educational Retirement Board (the ERB) and three sets of defendants. Appellants raise a plethora of issues. We affirm.

## BACKGROUND

**{2}**     Seeking to recover for investments made under a "pay-to-play" scheme, the ERB filed suit against Defendants Aldus,[1] Saul Meyer, Marc Correra, and Deutsche Bank, asserting various claims, including breach of contract, breach of fiduciary duty, fraud, and unjust enrichment. The ERB and Defendants (collectively, the parties) eventually negotiated three settlement agreements (the Settlements), and the ERB moved the district court to approve them.[2]

**{3}**     Because the suit was deemed an "alternate remedy," pursuant to NMSA 1978, Section 44-9-6(H) (2007, amended 2015) of the Fraud Against Taxpayers Act (FATA),[3] Appellants held the same rights with respect to this action as they held in the qui tam actions in which they are plaintiffs.[4] Appellants first appeared in this action by filing a response to the ERB's motion to settle, stating they would "need to gather evidence

---

[1]Aldus refers to the following entities and people: Renaissance Private Equity Partners, L.P.; Aldus Equity Partners, L.P.; Aldus Management Co., LLC; Aldus Equity LLC; Aldus Capital, LLC; GSS Holdings (NMERB), Inc.; Richard Ellman; Matthew O'Reilly; and all affiliated entities.

[2]The ERB did not settle with Defendant Correra. Instead, the district court granted the ERB's motion to dismiss its claims against Correra.

[3]All references to FATA in this opinion are to the 2015 version.

[4]Appellants are qui tam plaintiffs in two actions brought under FATA which names certain Deutsche Bank-affiliated entities and alleges "pay-to-play" practices affecting a variety of the ERB's investments. *See State ex rel. Frank C. Foy v. Vanderbilt Cap. Advisors, LLC* (*Vanderbilt*), D-101-CV-2008-01895, consolidated with *State ex rel. Frank C. Foy v. Austin Cap. Mgmt., Ltd.* (*Austin*), No. D-101-CV-2009-01189.

concerning the advisability and legality" of the Settlements before deciding whether to support or oppose them.

**{4}**     The district court issued a procedural order setting deadlines for the parties and Appellants related to the motion to approve the Settlements. The order required that Appellants submit a statement providing the bases for any contention that the Settlements were not "fair, adequate and reasonable under all of the circumstances," as well as "[a] proffer of evidence . . . [Appellants] intend[ed] to introduce to support" any [such] contention. In response, Appellants filed a memorandum which stated that they opposed the Settlements, described their objections, and included various exhibits that predated the settlement agreements and did not refer to them.

**{5}**     Two months after the district court's deadline for proffering evidence, Appellants sought discovery from the parties. The district court denied the discovery requests as overbroad and not reasonably calculated to lead to admissible evidence on the question of whether the Settlements were fair, reasonable, and adequate.

**{6}**     After providing notice to the parties and Appellants, the district court held an evidentiary hearing to determine whether the Settlements were fair, adequate, and reasonable pursuant to Section 44-9-6(C). At the hearing, the district court gave the parties and Appellants "a full and unfettered opportunity to participate, whether by oral argument or presentation of affidavits or live testimony." The district court considered oral argument and admitted evidence from the parties. Appellants declined to participate. Although Appellants' counsel remained present at the hearing, he chose not to call witnesses, introduce documentary evidence, make evidentiary objections, or present legal argument.

**{7}**     The district court entered findings of fact and conclusions of law, which considered factors under which the fairness and adequacy of the Settlements would be assessed. Based on its findings and conclusions, the district court approved the Settlements, ruling they were "fair, adequate and reasonable under all the circumstances."

## DISCUSSION

### I.     Preliminary Matters

**{8}**     As a preliminary matter, we address certain aspects of Appellants' briefing to provide context to our decisional process.

**{9}**     First, Appellants contend this appeal is "subject to de novo . . . review, because it involves questions of law and questions of statutory construction," and because "the district court dismissed this case without discovery and without a trial." Appellants raised these same arguments in *State ex rel. Foy v. Vanderbilt Capital Advisors, LLC*, ___-NMCA-___, ___ P.3d ___ (No. A-1-CA-36925, June 9, 2020), and we rejected them. *See id.* ¶ 25 (stating that Appellants were mistaken in claiming the appeal was subject

to de novo review because it presented only questions of law and because the district court dismissed the case without discovery and without a trial). We will apply the appropriate standard of review to the issues Appellants have properly preserved and argued.

**{10}** Second, Appellants challenge various findings of fact as not supported by substantial evidence. Their brief in chief, however, fails to include a summary of the "substance of the evidence bearing on [a] proposition." Rule 12-318(A)(3) NMRA. "[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and . . . the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings." *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 (citing *Maloof v. San Juan Cnty. Valuation Protests Bd.*, 1992-NMCA-127, ¶ 19, 114 N.M. 755, 845 P.2d 849). To the extent the brief in chief cites material from the record, it discusses only those aspects which tend to support its position. This is not in keeping with the letter or spirit of the Rules of Appellate Procedure. As a result, we will not address any issues that are subject to the substantial evidence standard of review. *See Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶¶ 15-17, 147 N.M. 720, 228 P.3d 504. We will, however, examine any properly preserved legal arguments that affect these issues.

**{11}** Third, several arguments briefed by Appellants are deficient, and we therefore decline to address them. Rule 12-318(A)(4) requires that "an argument which, with respect to each issue presented, shall contain . . . citations to authorities, record proper, transcript of proceedings, or exhibits relied on." Appellants' argument regarding alleged attorney conflicts of interest is deficient in this regard. Apart from citations to Appellants' own assertions as to these conflicts below and those findings and conclusions they challenge on appeal, Appellants fail to support their assertions with citations to the record. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Appellants' arguments that the district court misconstrued *New Mexico State Investment Council v. Weinstein*, 2016-NMCA-069, 382 P.3d 923 and "erred by basing its findings on the settlement in *Vanderbilt*"[5] are similarly deficient. We decline to address these arguments further.

**{12}** Fourth, we decline to address undeveloped arguments. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument

---

5Appellants also argue the district court erred by basing "its findings and conclusions on other cases which were settled rather than litigated[]" because findings of fact from other courts constitute inadmissible hearsay. But apart from citing to the *Vanderbilt* settlement to describe the general procedural history of this and Appellants' other actions, the district cited a single finding from the *Vanderbilt* settlement twice, each time to support a proposition Appellants do not dispute on appeal: that the Day Pitney law firm never represented the ERB. To the extent citing this finding constituted hearsay, we are satisfied the error was harmless. *See Gonzales v. Surgidev Corp.,* 1995-NMSC-036, ¶¶ 28-32, 120 N.M. 133, 899 P.2d 576 (relying on the proposition that judicial findings from a court's order in a previous case are not admissible in another case to conclude that admitting into evidence a page from a previously published court opinion constituted hearsay, but determining that the error was harmless).

that is not adequately developed."). Appellants' assertion that a district court cannot dismiss claims under FATA without conducting a "[r]eal [e]videntiary [h]earing" fits this category. So does Appellants' argument relating to powers of the Attorney General. Finally, Appellants argue the district court misconstrued *Rivera-Platte v. First Colony Life Ins. Co.*, 2007-NMCA-158, 143 N.M. 158, 173 P.3d 765, claiming "it is evident . . . the court never read that decision, because its rulings violate the dispositive rulings in *Rivera-Platte.*" In support of this claim Appellants cite several of the district court's conclusions of law, purport to summarize our rulings in *Rivera-Platte*, and assert that "[a]*ll of these rulings . . . apply exactly to the present case*" without providing further analysis. We cannot consider this argument adequately developed and therefore decline to address it further.

## II.  The District Court Did Not Err in Approving the Settlements

**{13}**  Appellants ask us to reverse the district court's ruling approving the Settlements. We decline to do so for the reasons that follow.

**{14}**  As discussed, the district court deemed this action an "alternate remedy" pursuant to Section 44-9-6(H) of FATA. Under FATA, a "political subdivision may settle the action with the defendant notwithstanding any objection by the qui tam plaintiff *if the court determines, after a hearing providing the qui tam plaintiff an opportunity to present evidence, that the proposed settlement is fair, adequate and reasonable under all of the circumstances.*" Section 44-9-6(C) (emphasis added).

**{15}**  "Given the similarity between the standards for approval of settlement of false claims actions and class actions, we look to class action law for guidance on FATA settlement hearings." *Weinstein*, 2016-NMCA-069, ¶ 46. In class action settlements, "[w]e review the district court's settlement approval under a mixed standard of review." *Rivera-Platte*, 2007-NMCA-158, ¶ 26. "First, we review de novo whether the district court applied the correct law. If the district court has applied the correct law, we then review its . . . decision to see whether the court abused its discretion." *Murken v. Solv-Ex Corp.*, 2006-NMCA-064, ¶ 21, 139 N.M. 625, 136 P.3d 1035 (applying the same standard of review to a certification decision). The district court abuses its discretion if it misapplies or misapprehends the law or if its decision is not supported by substantial evidence. *See Berry v. Fed. Kemper Life Assurance Co.*, 2004-NMCA-116, ¶ 25, 136 N.M. 454, 99 P.3d 1166 ("If the district court has applied the correct law, we will uphold its decision if it is supported by substantial evidence."); *Brooks v. Norwest Corp.*, 2004-NMCA-134, ¶ 7, 136 N.M. 599, 103 P.3d 39 ("In New Mexico, . . . a district court abuses its discretion when it misapprehends the law or if the decision is not supported by substantial evidence.").

**{16}**  Appellants argue the district court erred in approving the Settlements by (1) blocking discovery into the merits of the Settlements despite Appellants' objection, (2) relying on inadmissible evidence, and (3) approving a settlement that provides Defendants will not be responsible for Appellants' attorney fees and costs, contrary to FATA. We review each argument in turn.

## A. Discovery Issues

**{17}** Appellants argue the district court erred by blocking discovery into the merits of the Settlements despite Appellants' objection. Appellants also contend the district court erred by relying on federal case law addressing the scope of a qui tam plaintiff's right to discovery under FATA's federal counterpart, the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, which differs from FATA. We are unpersuaded.

**{18}** Appellants have made versions of these arguments twice before, and we have rejected them each time. In *Weinstein*, Appellants argued that the district court erred by refusing to allow discovery and relying on federal case law construing the FCA because of differences between the FCA and FATA. 2016-NMCA-069, ¶¶ 41-42. We concluded that where—as here—an evidentiary hearing is granted, "federal case law governing objections to settlements under the FCA . . . is applicable." *Id.* ¶¶ 44, 47. Relying on federal case law and our ruling in *Rivera-Platte*, we concluded that Appellants "[were] not entitled to conduct or complete full-blown discovery prior to proposed settlement approval." *Weinstein*, 2016-NMCA-069, ¶¶ 47-49 (internal quotation marks and citation omitted).

**{19}** This Court also concluded that the district court did not abuse its discretion in curbing Appellants' discovery. *Id.* ¶ 55. We reasoned that Appellants did not demonstrate "how their broad discovery requests were related to the factors the district court considered to assess the settlements" and were "given multiple opportunities to present the evidence . . . and to state why the settlements were not fair, adequate, or reasonable." *Id.* In concluding the district court had not abused its discretion, we also noted "the stage of the proceedings, the amount of discovery produced to Appellants, Appellants' multiple opportunities to present evidence they claimed to have, and Appellants' opportunity to cross-examine the witnesses presented by [the state agency.]" *Id.*

**{20}** We again rejected "a variation" of Appellants' discovery argument several years later in *Foy*, ___-NMCA-___, ¶ 38. There, we stated that "[Appellants'] arguments were made, analyzed, and resolved in *Weinstein*" and declined to "revisit the discussion," noting that Appellants had failed to attempt to distinguish *Weinstein*'s discussion of the issue. *Id.* We also noted that Appellants had failed to acknowledge having access to informal discovery the Attorney General's Office had amassed, including five million pages of documents from the Securities and Exchange Commission (SEC) investigation, to which Appellants had access three and a half years before the hearing. *Id.* ¶ 37.

**{21}** Here, we likewise refuse to revisit the discussion, except to note two similarities to *Foy*. First, Appellants have failed to meaningfully distinguish the facts in this case from *Weinstein*'s discussion of the issue. Second, Appellants failed to acknowledge in their brief in chief that they received the investigative file of the SEC before the district court entered its procedural order directing Appellants to proffer evidence that the Settlements were not fair, adequate, and reasonable. This investigative file, compiled

during the SEC's investigation of potential securities fraud, in connection with investments sold to the ERB, amounted to approximately 2.7 million pages of documents.

## B.    Evidentiary Issues

**{22}**    Appellants next argue the district court committed legal error by relying on inadmissible evidence in the form of testimony by affidavit and representations from counsel in makings its findings. Appellants also contend the district court's reliance on such testimony violates Rule 16-307 NMRA, which, according to Appellants, "prohibits testimony by a lawyer, except in rare instances, because the lawyer's duties as an advocate clash with the duties of a witness." We are unpersuaded.

**{23}**    We have distinguished affidavits and sworn testimony of counsel from unsworn argument of counsel for evidentiary purposes. *Compare V.P. Clarence Co. v. Colgate*, 1993-NMSC-022, ¶ 2, 115 N.M. 471, 853 P.2d 722 ("[T]he briefs and arguments of counsel are not evidence upon which a trial court can rely in a summary judgment proceeding."), *with Lewis v. Samson*, 1999-NMCA-145, ¶ 66, 128 N.M. 269, 992 P.2d 282 ("Counsel's factual averments in her affidavit are evidence, not mere arguments."), *rev'd on other grounds by* 2001-NMSC-035, ¶¶ 1, 5, 45, 131 N.M. 317, 35 P.3d 972, *and Weinstein*, 2016-NMCA-069, ¶¶ 16, 23 (noting that an attorney representing a state agency in settlement proceedings attested that his affidavit was an accurate representation of his testimony for purposes of a FATA-related evidentiary hearing).

**{24}**    Here, the district court relied on sworn affidavits of counsel rather than mere argument. And we are satisfied that this situation—reliance by the district court on a sworn affidavit of counsel describing the course of the litigation, document production and review, motions practice, and settlement negotiations—does not run afoul of Rule 16-307(A). *See* Rule 16-307(A)(2) (prohibiting a lawyer from "act[ing] as advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . the testimony relates to the nature and value of legal services rendered in the case"). Accordingly, the district court did not err in relying on sworn testimony of the ERB's counsel.

## C.    Attorney Fees

**{25}**    Finally, Appellants argue the Settlements violate FATA by "providing that [D]efendants will not be responsible for FATA attorney fees and costs." Appellants contend that, as qui tam plaintiffs, "FATA requires [their] attorney fees and costs . . . be paid by the defendants, not the state." Appellants made a version of this argument in *Foy*, and we rejected it. *See Foy*, ___-NMCA-___, ¶¶ 67-80.

**{26}**    In *Foy*, we concluded that "a lump sum settlement is an acceptable way to resolve a qui tam action" under FATA, and that we would "leave the details of allocation to the district court in the first instance." *Id.* ¶ 80. Appellants fail to distinguish *Foy*'s discussion of the issue. We therefore decline to revisit the discussion except to note that the propriety of the Settlements is on appeal rather than what, if any, fees to which

Appellants might be entitled. *See Weinstein*, 2016-NMCA-069, ¶ 59 ("Because the propriety of the settlements is on appeal, [the a]ppellants' right to a reward and attorney fees has yet to be litigated. Thus, [the a]ppellants have not been deprived of these rights.").

**CONCLUSION**

**{27}** Having found no error, we affirm the district court's approval of the Settlements.

**{28}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**