This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41867**

**SHANE WALDVOGEL,**

Plaintiff-Appellee,

v.

**REBECCA LEWIS,**

Defendant-Appellant,

and

**ANITA LEWIS,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Shane Waldvogel
Bloomfield, NM

Pro Se Appellee

Parker Pollard
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Appellant Rebecca Lewis appeals the district court's orders dismissing her appeal and denying her motion to reconsider dismissal. We issued a notice proposing to summarily reverse and remand. Appellee, a self-represented litigant, filed a

memorandum in opposition to our notice. We remain persuaded that the district court erred by dismissing Appellant's appeal. Accordingly, we reverse and remand for further proceedings in district court.

**{2}** Our notice proposed to hold that because Appellant filed a timely appeal in the correct court from a seemingly final judgment, the district court erred by dismissing the appeal merely because Appellant mistakenly attached an unsigned copy of the magistrate court judgment. This Court explained that the mandatory preconditions to the exercise of appellate jurisdiction with respect to the notice of appeal require that Appellant convey the basic intent to appeal a particular judgment, and meet the time and place filing requirements. *See N.M. Dep't of Health v. Maestas*, 2023-NMCA-075, ¶ 23, 536 P.3d 506; *see also Murken v. Solv-Ex Corp.*, 2006-NMCA-064, ¶ 31, 139 N.M. 625, 136 P.3d 1035 ("It remains the rule that time and place filing requirements for the notice of appeal are mandatory preconditions to this Court's exercise of jurisdiction over an appeal.").

**{3}** Because it appeared that Appellant satisfied these mandatory preconditions, we suggested that the district court had a few sound options to address Appellant's mistaken attachment of the unsigned judgment to the notice of appeal. The options we identified would have treated Appellant's notice of appeal as timely, would have afforded Appellant the opportunity to exercise the right to an appeal on the merits, and would have required Appellant to perfect her appeal by filing a signed judgment with the district court. *See* Rule 1-072(A) NMRA ("A notice of appeal filed after the announcement of a decision, or return of the verdict, but before the judgment or order is filed in the magistrate court clerk's office, shall be treated as timely filed.").

**{4}** Appellee's response to our proposed reversal asserts that Appellant was not deprived of the right to appeal because the case went to district court, was back and forth between the courts, and was brought to the district court with the wrong paperwork. [MIO 2] Appellee does not provide factual and legal support for these assertions, and we are not persuaded. The dismissal of Appellant's appeal denied her an appeal, and there is no indication in our laws or policy preferences that the attachment of a signed judgment is a mandatory precondition to the exercise of appellate jurisdiction, particularly under the circumstances of this case. *See Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 19, 148 N.M. 692, 242 P.3d 259 (declaring that the policy in our state is "to construe both statutes and court rules in favor of deciding an appeal on the merits whenever possible" (internal quotation marks and citation omitted)).

**{5}** For the reasons set forth above and in our notice, we reverse the district court's dismissal of Appellant's appeal and remand for further proceedings.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**